UNITED STATES of America, Plaintiff–Appellee,

v.

Richard Dale CULLENS, Defendant–Appellant.

No. 95–1303.

United States Court of Appeals, Sixth Circuit.

Submitted Sept. 13, 1995.

Decided Sept. 15, 1995.*

* This decision was originally issued as an "unpublished decision" filed on September 15, 1995. On October 4, 1995, the court designated the opinion as one recommended for full-text publication.

Joseph J. Allen, Asst. U.S. Attorney (briefed), Detroit, MI, for Plaintiff–Appellee.

John B. Payne, Jr. (briefed), Dearborn, MI, for Defendant–Appellant.

Before: ENGEL, GUY, and SUHRHEINRICH, Circuit Judges.

PER CURIAM.

Pursuant to a Fed.R.Crim.P. 11 agreement, the defendant pleaded guilty to one count of simple possession of marijuana. The presentence report computed defendant's guideline range at 0–6 months. The report also noted, however, that a six-month upward departure may be warranted.

At sentencing, the government, without objection from the defendant, argued for and received an upward departure. The trial judge imposed a 12–month sentence. On appeal, defendant argues the government was precluded by the Rule 11 agreement from seeking an upward departure. He also argues for the first time on appeal that the court erred in considering drug quantities in imposing the upward departure.

We conclude that these arguments are lacking in merit, and, additionally, defendant has waived his sentencing arguments by failing to raise them at sentencing.

## I.

Since the adoption of the sentencing guidelines, the sentencing of a criminal defendant has become a relatively complex procedure involving the consideration of a number of factors. In practice, however, the guidelines give the defendant an advance look at the sentence likely to be imposed and the factors justifying the sentence. Defendant then has an opportunity before sentencing to file objections and to be heard at sentencing on any issues that impact upon the sentence.

If the system is to work and if appellate review is to be meaningful, it is absolutely essential that a defendant raise all objections to the sentence before the sentencing judge in the first instance. For this reason, the law has developed that a failure to object results in a waiver. *United States v. Beatty*, 9 F.3d 686, 691 (8th Cir.1993) (failure to object to an alleged breach of a plea agreement results in a waiver); *United States v. Johnson*, 979 F.2d 396, 399 (6th Cir.1992) (failure to object to departure motion at sentencing hearing results in a waiver). Thus, all of the issues defendant raises on appeal have been waived by failure to raise them initially before the sentencing judge.

## II.

Even if we were to find the issues raised properly before us, we would find them without merit.

When defendant entered his Rule 11 plea to a superseding information, the felony counts in the earlier indictment were dismissed. The written plea agreement provided in this regard:

5. *Dismissed Counts.*

Pursuant to Rule 11(e)(1)(A) of the Federal Rules of Criminal Procedure, the government will dismiss count *one* of the original and superceding indictments. Defendant acknowledges and agrees that the court may consider "relevant conduct" alleged in these dismissed counts in arriving at an appropriate sentence; defendant further acknowledges that the government will argue that an adjusted offense level of 16 (21 to 27 months) is the appropriate offense level based upon "relevant conduct" underlying the dismissed charges. The government acknowledges that defendant will argue the appropriate adjusted offense level is offense level 2 (0 to 6 months).

The Rule 11 agreement also provided:

The parties have not reached agreement on the following factors: *quantity of marijuana to be included in the calculation of relevant conduct* (see paragraph 5 *infra*). The parties acknowledge that the court will determine the applicable sentencing factors at sentencing and that the court's determination will affect the sentence range under the sentencing guidelines.

■ Defendant's argument that the Rule 11 agreement did not specifically state, in so many words, that the government would seek an upward departure is disingenuous. The agreement makes it crystal clear that the government would seek a relevant conduct adjustment, *see* U.S.S.G. §§ 1B1.3, 3B1, and would advocate a sentencing range of 21 to 27 months to be the appropriate guideline range.[1] Defendant received from the sentencing court exactly for which he bargained.

■ Finally, defendant argues that the sentencing guidelines prohibited the court from considering drug quantity as a basis for departure when the offense of conviction was only simple possession of marijuana. Several appellate courts have addressed this same argument and it has been universally rejected.[2] We join with those courts and also reject the argument.

Additionally, we note that the court in making its decision to depart did not rely exclusively on drug quantity:

So the Court does find that … an upward departure is warranted for the reasons set forth on the record this afternoon by the assistant United States attorney. The Court finds that there's adequate evidence in this matter that Mr. Cullens was the—was the leader in a criminal conspiracy among three persons to distribute large quantities of marijuana, 200 pounds discussed, for a price of $150,000, discussion with the agents of his past involvement with distribution of 500 to 1000 pounds weekly, the fact that he stated to the agents that he was looking for a source of supply of 1,000 pounds weekly and that under the circumstances, to sentence Mr. Cullens within the guidelines for the possession of 11.8 grams of marijuana which results in a totaloffense level of only 2 and a criminal history category of 2 and creating a guideline range of zero to six months, does not adequately reflect the defendant's involvement in—in this entire course of criminal activity.

The Rule 11 Agreement provides for a maximum sentence of twelve months. The statute provides for a maximum penalty of twelve months, and the Court feels that an upward departure from the guidelines to the twelve months permitted both by the statute and the Rule 11 Agreement is entirely warranted under Section 5(k)(2.0) [sic] of the Sentencing Guidelines.

**AFFIRMED.**

---

1. The parties did agree, however, to a cap sentence of 12 months.

2. *See, e.g., United States v. Ryan,* 866 F.2d 604, 606–08 (3d Cir.1989); *United States v. Crawford,* 883 F.2d 963, 964–66 (11th Cir.1989) (quoting *Ryan* ); *accord United States v. Correa–Vargas,* 860 F.2d 35 (2d Cir.1988); *United States v. Sardin,* 921 F.2d 1064, 1066 (10th Cir.1990).