82 F.3d 419
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Derwin CRAFT (95-5508); Kevin Chase (95-5545), Defendants-Appellants.
 Nos. 95-5508, 95-5545.
 United States Court of Appeals, Sixth Circuit.
 April 17, 1996.
 
 1
 Before: KENNEDY and COLE, Circuit Judges, and ALDRICH, District Judge.*
 
 ORDER
 
 2
 These federal prisoners appeal their sentences imposed after they pleaded guilty to aiding and abetting each other in the possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Derwin Craft and Kevin Chase each pleaded guilty pursuant to negotiated plea agreements. The district court sentenced Craft to 86 months in prison and five years of supervised release. The district court sentenced Chase to 79 months in prison and five years of supervised release.
 
 
 4
 On appeal, Craft contends that his guideline sentence is excessive and violates the Eighth Amendment. Chase argues that: 1) the district court erred in determining that he was not a minimal or minor participant in the offense; and 2) the district court erred in assessing two points against him for committing the instant offense while on a state diversion program.
 
 
 5
 Upon review, we conclude that defendant Craft waived his sole claim. Craft contends that the 86 month sentence he received is excessive and constitutes cruel and unusual punishment. It is absolutely essential that a defendant raise all objections to the sentence before the sentencing judge in the first instance. United States v. Cullens, 67 F.3d 123, 124 (6th Cir.1995). Craft did not object to his sentence in the district court. He pleaded guilty pursuant to a negotiated agreement and offered no objection whatever. Thus, Craft's failure to object is construed as a waiver. Id.
 
 
 6
 Even if Craft's claim was properly raised, it is without merit. Craft cites to no authority to support his argument that his sentence violates the Eighth Amendment. The Sentencing Guidelines do not violate the Eighth Amendment. United States v. Walton, 908 F.2d 1289, 1300 (6th Cir.), cert. denied, 498 U.S. 906, 989 and 990 (1990). Craft's sentence likewise does not violate the Eighth Amendment because it is within the appropriate range established by the Sentencing Guidelines (Criminal History Category II, Offense Level 27; Range 78-97 months with a minimum of 60 months). See United States v. Pedigo, 879 F.2d 1315, 1320 (6th Cir.1989) (a 15-year sentence imposed pursuant to Armed Career Criminal Act does not constitute cruel and unusual punishment). Craft's sentence of 86 months of imprisonment also does not constitute cruel and unusual punishment as it is not grossly disproportionate to his crime. See United States v. Warren, 973 F.2d 1304, 1311 (6th Cir.1992) (Eighth Amendment does not require strict proportionality).
 
 
 7
 Defendant Chase argues that the district court erred in denying his request for a two-level reduction under USSG § 3B1.2(b). The court reviews for clear error a district court's decision regarding whether to grant a defendant a reduction for his role in the offense. United States v. Blandford, 33 F.3d 685, 710 (6th Cir.1994), cert. denied, 115 S.Ct. 1821 (1995). It is the defendant's burden to establish his entitlement to a downward adjustment by a preponderance of the evidence. United States v. Moss, 9 F.3d 543, 554 (6th Cir.1993). Sentencing Guideline § 3B1.2(b) allows a minor participant reduction when a party is "less culpable than most other participants." Such a culpability determination is heavily dependent upon the facts. United States v. Nagi, 947 F.2d 211, 215 (6th Cir.1991).
 
 
 8
 The district court's finding that Chase was not less culpable than his co-defendant (Craft) is not clearly erroneous. At the guilty plea hearing, Chase admitted that he and Craft mutually obtained crack cocaine for the purpose of selling it. Chase knew that Craft had put the crack in the car earlier that day. Chase drove the car to the assigned rendezvous. Chase also admitted knowing that money from a previous drug sale would be exchanged at the rendezvous. At most, Chase submits that he did not know that the cocaine in the car would actually change hands at the meeting. Chase's professed ignorance of an actual sale of cocaine does not make him any less culpable of aiding and abetting in the possession with intent to distribute crack cocaine. Chase admitted that he possessed the cocaine with Craft and that they intended to sell it. Thus, he has not met his burden of proving that he was a minor participant in the crime to which he pleaded guilty.
 
 
 9
 The district court properly calculated defendant Chase's criminal history points. Chase argues that the district court erred in assessing two criminal history points pursuant to USSG § 4A1.1(d) for committing the instant offense while under a criminal justice sentence. Section 4A1.2(f) of the Guidelines provides that a diversion from the judicial process resulting from a finding or admission of guilt is counted as a criminal justice sentence for the purpose of determining a defendant's criminal history, and two points are added if the defendant committed the instant offense while under a criminal justice sentence. USSG § 4A1.1(d). As explained in the application notes, § 4A1.2(f) "reflects a policy that defendants who receive the benefit of a rehabilitative sentence and continue to commit crimes should not be treated with further leniency." USSG § 4A1.2, comment. (n. 9).
 
 
 10
 Chase committed the instant offense while under a diversionary sentence resulting from an admission of guilt. The record reveals that Chase signed a Petition for Acceptance of Plea of Guilty by Defendant and Waiver of Rights in the Shelby County, Tennessee, Criminal Court. In the third paragraph of that guilty plea petition, Chase admitted that he was guilty of unlawful possession of a controlled substance. His admission of guilt resulted in a diversionary sentence, and he admittedly committed the instant offense while on diversion. Chase's state court admission of guilt is all that is required under the Guidelines for his sentence to be counted towards determining his criminal history category. United States v. Stowe, 989 F.2d 261, 263 (7th Cir.1993) (defendant's plea of guilty and subsequent placement on court supervision sufficient for sentence to fall within scope of § 4A1.2(f) despite fact that conviction was later set aside under state law). Thus, the district court did not err in assessing Chase two criminal history points for committing the instant offense while serving a diversionary sentence that resulted from an admission of guilt.
 
 
 11
 Accordingly, the district court's judgments with respect to defendants Craft and Chase are hereby affirmed.
 
 
 
 *
 The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation