**UNITED STATES COURT OF APPEALS**
**Filed 4/18/96**
**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

JAMES ROYCE BOLTON,

    Defendant-Appellant.

No. 95-6124
(D.C. No. CR 94-00141-001-R)
(W. Dist. of Okla.)

**ORDER AND JUDGMENT**<sup>*</sup>

Before **SEYMOUR**, Chief Judge, **TACHA** and **EBEL,** Circuit Judges.

James Royce Bolton was indicted on fifteen related firearms and narcotics counts arising out of a conspiracy to distribute methamphetamine. He eventually pled guilty to Counts Two and Three. Count Two alleged Mr. Bolton violated 18 U.S.C. § 924(c)(1) by acquiring a Colt Double Eagle .45 caliber semi-automatic pistol from Gerry Dan Goodman in exchange for methamphetamine. Count Three alleged Mr. Bolton, as a convicted felon, violated 18 U.S.C. § 922(g)(1) by possessing the Colt pistol and a Ruger

---

<sup>*</sup>This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions 10th Cir. R. 36.3.

Model P-89 9mm pistol. The court enhanced the sentences for Mr. Bolton's gun convictions on the basis of his narcotics trafficking because the firearms had been used in the course of drug dealing. The court further concluded that he had possessed approximately 7.7 pounds of methamphetamine during the course of the conspiracy. The court sentenced Mr. Bolton to consecutive sentences of 60 and 120 months, to be followed by 36 months of supervised release. He appeals his sentence, and we affirm.[1]

First, Mr. Bolton contends Counts Two and Three should have been grouped. He relies on U.S.S.G. §§ 3D1.1, 3D1.2, and 3D1.3, and United States v. Norman, 951 F.2d 1182 (10th Cir. 1991), in which we held that counts involving imparting false information regarding firearms and explosives on an aircraft should have been grouped. Here, however, the offense of using a firearm during a drug trafficking crime carries a mandatory five-year minimum sentence that must run consecutively to any other term of imprisonment. 18 U.S.C. § 924(c)(1). The guidelines expressly provide that "[a]ny count for which the statute mandates imposition of a consecutive sentence is excluded from the operation of §§ 3D1.2-3D1.5. Sentences for such counts are governed by the provisions of § 5G1.2(a)." U.S.S.G. § 3D1.1(b). "Counts for which a statute mandates imposition of a consecutive sentence are excepted from application of the multiple count rules." Id. at § 3D1.1(b) (n.1). The guidelines require such sentences to run consecutively with the sentence on any other count. U.S.S.G. § 5G1.2(a). In this context, Norman is inapposite.

---

[1] We deny Mr. Bolton's pro se motion to strike his counsel's brief.

The district court did not err in declining to group Counts Two and Three.

Second, Mr. Bolton argues the court erred in sentencing him by reference to section 2X1.1. Relying on <u>United States v. Adipietro</u>, 983 F.2d 1468, 1472 (8th Cir. 1993), he contends that section 2X1.1 by its own terms does not apply when a conspiracy is governed by another offense guideline section. <u>See</u> U.S.S.G. § 2X1.1(c). Mr. Bolton was not sentenced for conspiracy, however, but for using firearms during drug trafficking. Because he "used or possessed any firearm or ammunition in connection with the commission or attempted commission of another offense," U.S.S.G. § 2K2.1(c)(1), section 2K2.1(c)(1)(A) required the court to apply section 2X1.1. Section 2X1.1 in turn provides that the base offense level be determined by reference to "the base offense level from the guideline for the substantive offense, plus any adjustments from such guideline for any intended offense conduct that can be established with reasonable certainty." <u>Id.</u> at § 2X1.1(a). The court determined Mr. Bolton's base offense level under § 2D1.1, as is appropriate for drug trafficking. The court did not err in applying section 2X1.1.[2]

Finally, Mr. Bolton attacks the constitutionality of the Sentencing Guidelines,

---

[2] In his Post-Argument Brief, Mr. Bolton contends his conviction violates the Double Jeopardy Clause. "The established test for determining whether two offenses are the 'same offense'. . . 'is <u>whether each provision requires proof of a fact which the other does not</u>.'" <u>United States v. Neal</u>, 692 F.2d 1296, 1305-06 (10th Cir. 1982) (quoting <u>Blockburger v. United States</u>, 284 U.S. 299, 304 (1932), and adding emphasis). Count Two required proof Mr. Bolton used firearms while distributing methamphetamine, while Count Three required proof that he was a convicted felon. These convictions do not violate the Double Jeopardy Clause.

arguing that the guidelines are so vague and incomprehensible as to violate his due process rights. He asserts they are so complex and unpredictable they fail to give a defendant fair warning of the punishment he will face.

Straightforward application of the relevant guidelines dictates Mr. Bolton's sentence, but this does not answer the constitutional argument, for "[i]f on its face the challenged provision is repugnant to the due process clause, specification of details of the offense intended to be charged would not serve to validate it." Lanzetta v. State of New Jersey, 306 U.S. 451, 453 (1939). Although Mr. Bolton has demonstrated the guidelines are unpopular in some circles, he has not established that defendants are not fairly warned. Compared to the pre-guideline exercise of judicial discretion, the scheme's very complexity serves to give a defendant more warning of the sentence he faces by specifying how judicial discretion will be channeled and allowing the him "to file objections and to be heard at sentencing on any issues that impact upon the sentence." United States v. Cullens, 67 F.3d 123, 124 (6th Cir. 1995) (per curiam).

Mr. Bolton also argues it violates due process to take into account conduct for which a defendant was acquitted or not charged. We rejected this argument in United States v. Coleman, 947 F.2d 1424, 1429 (10th Cir. 1991), cert. denied, 503 U.S. 972 (1992) (sentencing court may "consider trial evidence that was applicable to a charge upon which the defendant was acquitted"). Id. at 1429. We have also noted that in such cases most courts have found no double jeopardy violation. United States v. Kelly, 1 F.3d

-4-

1137, 1139-40 n.1 (10th Cir. 1993). Prior to the Sentencing Guidelines, the Supreme Court held that taking into account, for sentencing purposes, actions for which the defendant had not been indicted, tried or convicted did not violate due process and was a rational exercise of judicial discretion. United States v. Grayson, 438 U.S. 41, 52-54 (1978). The subsequent enactment of the Sentencing Guidelines in no way weakens Grayson's application here. The court did not violate Mr. Bolton's right to due process.[3]

The judgment of the district court sentencing Mr. Bolton is **AFFIRMED.**

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge

---

[3] We have also considered the arguments raised in Mr. Bolton's Pro Se Brief, and find no reversible error. He waived his argument that the court erred by failing to determine the type of methamphetamine when he did not raise it below. United States v. Deninno, 29 F.3d 572, 580 (10th Cir. 1994), cert. denied, 115 S. Ct. 1117 (1995). His assertion that this waiver demonstrates ineffective assistance of counsel must be brought on collateral review. United States v. Galloway, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc). We see no clear error in the court's application of the sentence enhancement for leaders and organizers of criminal activity under U.S.S.G. § 3B1.1(a). Finally, Bailey v. United States, 116 S. Ct. 501 (1995), provides no basis to challenge his conviction, since there the Court specifically suggested that barter with a firearm constitutes "use" within the meaning of 18 U.S.C. § 924(c)(1), id. at 507.