103 F.3d 129
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Angelo Arthur DARIN, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 96-1537.
 United States Court of Appeals, Sixth Circuit.
 Nov. 22, 1996.
 
 1
 Before: NELSON and DAUGHTREY, Circuit Judges; COHN, District Judge.*
 
 ORDER
 
 2
 Angelo Arthur Darin, proceeding pro se, appeals a district court's judgment denying his motion to vacate sentence filed pursuant to 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In November 1994, Darin pleaded guilty to conspiracy to possess with intent to distribute cocaine and conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. He was sentenced to a total of 78 months of imprisonment. Darin did not appeal his convictions or sentence.
 
 
 4
 In his motion to vacate, Darin argued that: 1) the sentencing court should have granted him a three-level reduction for acceptance of responsibility and that it should not have enhanced his base offense level for his leadership role; and 2) the court should have granted him a departure from the guidelines. Thereafter, he sought to enlarge his § 2255 motion, arguing that 3) the Assistant United States Attorney (AUSA) had secretly promised him that he would not be sentenced to more than two years of imprisonment. Upon review, the district court denied Darin's motion to enlarge his § 2255 motion, and denied the motion to vacate as without merit.
 
 
 5
 Darin has filed a timely appeal, essentially reasserting his same claims. He also argued that the district court abused its discretion when it denied his motion to enlarge his motion to vacate, and because it improperly denied his motion to vacate without an evidentiary hearing.
 
 
 6
 Upon review, we conclude that the district court properly denied Darin's motion to vacate for the reasons stated in its memorandum opinion filed March 26, 1996. The record simply does not reflect an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. See Brecht v. Abrahamson, 507 U.S. 619, 637-38 (1993); United States v. Ross, 40 F.3d 144, 146 (7th Cir.1994) (per curiam). Nor does it reflect a fundamental defect in the proceedings resulting in a complete miscarriage of justice or an error so egregious that it amounted to a violation of due process. See Reed v. Farley, 114 S.Ct. 2291, 2300 (1994); United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.), cert. denied, 508 U.S. 943 (1993).
 
 
 7
 Initially, we note that Darin is barred from seeking relief on his claims because he did not raise them on direct appeal. Claims that could have been but were not raised on direct appeal are not reviewable unless Darin can demonstrate cause and prejudice to excuse his failure to raise them on appeal. See United States v. Frady, 456 U.S. 152, 167-68 (1982); Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993). Darin has alleged no cause, and none is apparent from the record.
 
 
 8
 Further, Darin was not prejudiced because his claims lack merit. The district court properly determined that Darin was not entitled to a three-level reduction for acceptance of responsibility. See United States v. Mahaffey, 53 F.3d 128, 134 (6th Cir.1995). Despite substantial evidence to the contrary, Darin repeatedly denied that he had any agreement with his substantial evidence to the contrary, Darin repeatedly denied that he had any agreement with his son Jeremy or that he ever distributed cocaine through him. Further, Darin has waived his right to challenge the district court's determination that he was a leader of the conspiracy, because he did not object before the sentencing judge. See United States v. Cullens, 67 F.3d 123, 124 (6th Cir.1995) (per curiam). Finally, Darin presented no authenticated evidence to support his claim that his brother provided false testimony. Even if the trial court had completely disregarded his brother's testimony, Darin's own admissions established his involvement in a conspiracy to distribute cocaine.
 
 
 9
 Darin's unspecified efforts to stay away from drugs do not entitle him to a departure from the guidelines. See 18 U.S.C. § 3553(b); Unitd States v. Williams, 65 F.3d 301, 306 (2d Cir.1995); United States v. Maddalena, 893 F.2d 815, 817 (6th Cir.1989).
 
 
 10
 The district court properly denied Darin's motion to enlarge his pleadings. Darin did not raise the issue of an agreement with the AUSA at sentencing, and thus he has waived this issue. See Cullens, 67 F.3d at 124; United States v. Herrera, 928 F.2d 769, 771-72 (6th Cir.1991) (defendant not allowed to establish the existence of a separate agreement where neither defendant nor his attorney mentioned any additional terms when asked about their understanding of the written plea agreement submitted to the court). Darin did not raise the issue even though he had ample opportunities to raise his contention that there was a secret agreement.
 
 
 11
 Finally, the district court did not abuse its discretion when it denied Darin's § 2255 motion to vacate without first conducting an evidentiary hearing. See Doganiere v. United States, 914 F.2d 165, 168 (9th Cir.1990), cert. denied, 499 U.S. 940 (1991). The existing record was clearly adequate to resolve Darin's claims. See Baker v. United States, 781 F.2d 85, 92 (6th Cir.), cert. denied, 479 U.S. 1017 (1986).
 
 
 12
 Accordingly, we hereby affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation