105 F.3d 659
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Salvadore GARZA, Defendant-Appellant.
 No. 95-1319.
 United States Court of Appeals, Sixth Circuit.
 Jan. 2, 1997.
 
 Before: MARTIN, Chief Judge, and BROWN, Circuit Judge; McCALLA, District Judge.*
 PER CURIAM.
 
 
 1
 Defendant Salvadore Garza appeals his conviction and sentence for conspiracy to distribute marijuana. Three issues are raised on appeal: (1) whether bringing an in rem civil forfeiture proceeding and a subsequent criminal prosecution based on the same underlying events violates the Double Jeopardy Clause; (2) whether the district court erred in computing the amount of marijuana attributable to Garza as relevant conduct under the sentencing guidelines; and (3) whether Garza's Sixth Amendment right to effective assistance of counsel was violated. For the reasons set forth below, we affirm.
 
 
 2
 On February 9, 1994, Drug Enforcement Administration (DEA) agents approached Garza and Jose Mendoza at the Detroit Metropolitan Airport. Garza and Mendoza each consented to a search, during which the agents found $10,100 in cash on Garza and $7,500 in cash on Mendoza. The money was seized and subsequently forfeited as drug-related proceeds in an action brought by the United States pursuant to 21 U.S.C. § 881(a)(6).
 
 
 3
 On February 15, 1994, an Illinois state police officer stopped a vehicle for a traffic violation and, following a lawful search of the vehicle, found approximately one hundred pounds of marijuana. The driver of the vehicle, Roy Hernandez, subsequently agreed to cooperate with state and federal authorities. Hernandez told the authorities that the marijuana found in his car belonged to Garza and Mendoza. Hernandez also informed the authorities that he was delivering the marijuana to customers of Garza and Mendoza in Michigan. Thereafter, state and federal authorities monitored and recorded several telephone calls between Hernandez and Garza. During those conversations, Garza instructed Hernandez to deliver the marijuana to various customers and to collect the money due from the deliveries. Many of the conversations were in Spanish but were monitored by a bilingual officer, Sergeant Jaime Corona.
 
 
 4
 On July 21, 1994, Garza was indicted for conspiracy to distribute marijuana. At trial, Hernandez testified that he had made several trips to Texas to pick up and transport marijuana to Michigan for Garza and Mendoza. Specifically, Hernandez testified that on six or seven different occasions he transported 40 pounds of marijuana from Texas to Michigan and, on two other trips, he transported between 75 and 80 pounds of marijuana to Michigan for Garza and Mendoza. On December 16, 1994, a jury found Garza guilty of conspiracy to distribute marijuana under 21 U.S.C. §§ 841(a)(6), 846. At sentencing, the district court found that, based on Hernandez's testimony, the amount of marijuana transported was between 730 and 772 pounds (331 to 350 kilograms), which corresponds to a base offense level of 26 under USSG § 2D1.1(7). Accordingly, the district court sentenced Garza to 96 months imprisonment.
 
 
 5
 Garza argues that, because an in rem civil forfeiture proceeding for drug-related proceeds was brought by the United States against the money seized from him at the airport, his subsequent criminal conviction for conspiracy to distribute marijuana violated the Double Jeopardy Clause. Although the Double Jeopardy Clause "prevent[s] both 'successive punishments and ... successive prosecutions,' " United States v. Ursery, 116 S.Ct. 2135, 2139 (1996) (quoting United States v. Dixon, 509 U.S. 688, 696 (1993)); U.S. Const. amend. V, the Supreme Court has held that, because Congress intended forfeitures under § 881 to be civil proceedings and because the statute serves important nonpunitive goals, "in rem civil forfeitures are neither 'punishment' nor criminal for purposes of the Double Jeopardy Clause." Id. at 2147-49. Accordingly, Garza's double jeopardy argument is without merit. See id. at 2149.
 
 
 6
 Garza also argues that the district court erred in computing the amount of marijuana attributable to him as relevant conduct under the sentencing guidelines. A district court's findings of fact relating to the amount of drugs attributable to a defendant for sentencing purposes are to be upheld unless they are clearly erroneous. United States v. Walton, 908 F.2d 1289, 1300-01 (6th Cir.), cert. denied, 498 U.S. 990 (1990). In addition, failure to object to the sentence at the time of sentencing "results in a waiver." United States v. Cullens, 67 F.3d 123, 124 (6th Cir.1995).
 
 
 7
 Prior to sentencing, Garza's attorney raised an objection regarding the amount of drugs to be attributed to Garza as relevant conduct under the sentencing guidelines. Garza's attorney withdrew the objection, however, after the district court informed the parties that the quantity of marijuana to be attributed to Garza for sentencing purposes was less than the 400 to 700 kilograms recommended in the presentence investigation report. The district court explained that, based on Hernandez's testimony at trial, the amount of marijuana attributable to Garza was between 730 and 772 pounds (331 to 350 kilograms). Thus, the district court concluded that Garza's base offense level was level 26.
 
 
 8
 At Garza's trial, Hernandez testified that he made six or seven trips in which he transported 40 pounds of marijuana for Garza and Mendoza and that he made two other trips in which he transported between 75 and 80 pounds of marijuana. Based on Hernandez's testimony and using the most conservative calculations, the amount of marijuana attributable to Garza would be approximately 390 pounds, a figure well within the range of 220 to 880 pounds under USSG § 2D1.1(7). Thus, the district court's determination was not clearly erroneous. Therefore, even assuming that Garza properly raised an objection at sentencing, his argument regarding the district court's determination is meritless.
 
 
 9
 Garza's final argument is that he was denied effective assistance of counsel. In order to demonstrate ineffective assistance of counsel, a "defendant must show that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). We review such claims de novo. Id.
 
 
 10
 Garza contends that his attorney made the following errors: (1) failed to challenge the accuracy of the translations of the audio tapes of the recorded telephone conversations introduced as evidence at trial; (2) failed to move to suppress evidence of the $10,100 seized from Garza by the DEA agents; (3) "probably inflamed the jury by [stating] that the defendant failed to bring forth witnesses who would have verified" that Garza attempted to get his money back from the DEA; (4) withdrew his objection to the amount of drugs attributable to Garza as relevant conduct at sentencing; and (5) failed to pursue the double jeopardy issue prior to trial.
 
 
 11
 As discussed previously, alleged errors 4 and 5 are meritless. Alleged error 1 is similarly meritless because Garza failed to offer his own translations of the audio tapes at trial and has failed to identify any significant discrepancies in the translations on appeal. See United States v. Garcia, 20 F.3d 670, 672 (6th Cir.1994), cert. denied, 115 S.Ct. 1120 (1995). Alleged error 2 is insufficient grounds for reversal because Garza has not offered a basis upon which that information should have been excluded. Alleged error 3 is likewise insufficient because there is nothing in the record to support Garza's assertion that his attorney made the error to which he has referred. Thus, because Garza has not demonstrated that his attorney's performance was deficient, he has not carried his burden under the first prong of the Strickland analysis. See Strickland, 466 U.S. at 687. Consequently, Garza's ineffective assistance of counsel argument is unpersuasive.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The Honorable Jon P. McCalla, United States District Judge for the Western District of Tennessee, sitting by designation