110 F.3d 66
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
William Lee WORTMAN, Defendant-Appellant.
 No. 96-6014.
 United States Court of Appeals, Sixth Circuit.
 March 21, 1997.
 
 Before: KEITH, NELSON, and MOORE, Circuit Judges.
 
 ORDER
 
 1
 William Lee Wortman, a federal prisoner, appeals his judgment of conviction and sentence for attempting to possess methamphetamine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 846. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 On March 20, 1996, Wortman pleaded guilty to the count described above, pursuant to a plea agreement reached under Fed.R.Crim.P. 11(e)(1)(B); the plea was accepted by the district court's order filed on March 22, 1996. The district court sentenced Wortman on July 12, 1996, to 151 months in prison and six years of supervised release. This sentence was based upon a total offense level of 29 and a criminal history category of VI, resulting in a sentencing range of 151 to 188 months.
 
 
 3
 Wortman's court-appointed counsel has filed a brief on appeal and also a motion to withdraw pursuant to Anders v. California, 386 U.S. 738 (1967). After a review of the record, counsel expressed the opinion that Wortman had no meritorious issues to present on appeal, noting that the defendant had entered a knowing and voluntary guilty plea and received the sentence recommended by the government in his Rule 11 plea agreement. Wortman was notified of his right to respond to his attorney's Anders brief; however, no response has been received by this court.
 
 
 4
 Upon careful consideration, we permit counsel to withdraw because he has filed an acceptable Anders brief submitting, after a review of the entire record, that there are no worthwhile issues to raise in this appeal. We affirm the district court's judgment.
 
 
 5
 A guilty plea is valid if it is entered voluntarily and intelligently, as determined under the totality of the circumstances. Brady v. United States, 397 U.S. 742, 749 (1970); Boykin v. Alabama, 395 U.S. 238, 242-44 (1969). A review of the transcript of Wortman's plea proceeding establishes that his plea was voluntarily and intelligently made. Having entered a valid plea, Wortman may not challenge antecedent non-jurisdictional defects in the proceedings. Tollett v. Henderson, 411 U.S. 258, 261-67 (1973); United States v. Freed, 688 F.2d 24, 25 (6th Cir.1982). In particular, Wortman did not reserve the right to appeal the district court's denial of his motions to suppress evidence. Even if he had preserved his suppression issues, the record supports the district court's findings and conclusions regarding the search of his codefendant's residence, the statement volunteered by Wortman during his transport to jail, and the subsequent discovery of $12,000 cash in his vehicle.
 
 
 6
 Nor may Wortman appeal his sentence. If a defendant fails to object to an error at sentencing, he waives his right to assert the error on appeal. United States v. Cullens, 67 F.3d 123, 124 (6th Cir.1995) (per curiam). Specifically, Wortman did not object to his total offense level of 29 or his criminal history category of VI; both were the result of the district court's finding that Wortman was a career offender pursuant to USSG § 4B1.1. The sentence imposed by the district court was at the bottom of the properly-computed guideline range. A defendant may only appeal his sentence on the grounds that it: (1) was imposed in violation of law, (2) was imposed as a result of an incorrect application of the guidelines, (3) represented an upward departure from the applicable guideline range, or (4) is a plainly unreasonable sentence imposed for an offense for which there is no sentencing guideline. 18 U.S.C. § 2742(a); United States v. Lively, 20 F.3d 193, 196-97 (6th Cir.1994). Because Wortman's sentence falls within none of these categories, this court lacks jurisdiction over any appeal of the sentence.
 
 
 7
 Accordingly, counsel's motion to withdraw is granted. The district court's judgment, entered on July 19, 1996, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.