110 F.3d 65
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
John E. LLOYD, Defendant-Appellant.
 No. 96-6490.
 United States Court of Appeals, Sixth Circuit.
 March 24, 1997.
 
 Before: JONES, SUHRHEINRICH, and SILER, Circuit Judges.
 
 ORDER
 
 1
 John E. Lloyd, a federal prisoner, appeals the judgment imposed following his guilty plea to one count of wire fraud in violation of 18 U.S.C. § 1343. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 A one-count indictment charged Lloyd and his wife, Gloria, with the offense described above. On December 12, 1995, Lloyd pleaded guilty to the charge, pursuant to a Rule 11 plea agreement. Among other provisions, the plea agreement stipulated the amount of loss to the victims and the calculations under the Sentencing Guidelines. The district court sentenced Lloyd on September 30, 1996, to four months in prison followed by three years of supervised release. The judgment was entered on October 7, 1996, and Lloyd timely appealed.
 
 
 3
 Lloyd's court-appointed counsel has filed a brief on appeal and also a motion to withdraw pursuant to Anders v. California, 386 U.S. 738 (1967). Counsel has expressed the opinion that Lloyd has no meritorious issues to present on appeal, but did raise two issues for consideration: (1) whether the district court abused its discretion in denying Lloyd probation; and (2) whether the district court denied Lloyd equal protection by sentencing him to the penitentiary while his codefendant received home incarceration under the same facts and level of culpability. Although Lloyd was notified of his right to respond to his attorney's Anders brief, no response has been received by this court.
 
 
 4
 Upon review, we permit counsel to withdraw despite the barely adequate brief filed in this case. We affirm the district court's judgment because Lloyd entered a valid guilty plea and because his sentence is not appealable.
 
 
 5
 The issues raised by counsel in his Anders brief are without merit. Counsel first argued that the district court abused its discretion in denying defendant's request for a sentence of probation. The district court sentenced Lloyd at the bottom of the guideline range to which he stipulated in the worksheets attached to his plea agreement. He has, therefore, waived the right to appeal this issue. See United States v. Bazzi, 94 F.3d 1025, 1028 (6th Cir.1996) (per curiam); United States v. Cullens, 67 F.3d 123, 124 (6th Cir.1995) (per curiam).
 
 
 6
 Furthermore, a defendant may only appeal his sentence on the grounds that it: (1) was imposed in violation of law; (2) was imposed as a result of an incorrect application of the guidelines; (3) represented an upward departure from the applicable guideline range; or (4) is a plainly unreasonable sentence imposed for an offense for which there is no sentencing guideline. 18 U.S.C. § 2742(a); United States v. Lively, 20 F.3d 193, 196-97 (6th Cir.1994). Because Lloyd's sentence falls within none of these categories, this court lacks jurisdiction over any appeal of his sentence. See United States v. Epley, 52 F.3d 571, 580 (6th Cir.1995).
 
 
 7
 Nor was Lloyd's right to equal protection violated when the district court sentenced him to a term of incarceration and his wife to home detention despite finding that they were equally culpable in the offense. Gloria's medical condition is a factor which distinguishes her situation from that of her husband's and justifies the court's sentence of home incarceration for Gloria and imprisonment for her husband.
 
 
 8
 Finally, we have reviewed the transcript of Lloyd's plea proceeding and conclude that the plea is valid because it was entered voluntarily and intelligently, as determined under the totality of the circumstances. See Brady v. United States, 397 U.S. 742, 749 (1970); Boykin v. Alabama, 395 U.S. 238, 242-44 (1969).
 
 
 9
 Accordingly, counsel's motion to withdraw is granted. The district court's judgment, entered on October 7, 1996, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.