**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jose Luis PALOMARES, Defendant–Appellant.**

**No. 99–1299.**

United States Court of Appeals,
Sixth Circuit.

April 10, 2001.

Before MARTIN, Chief Judge; SUHRHEINRICH, Circuit Judge; OLIVER, District Judge.*

PER CURIAM.

Defendant Jose Luis Palomares was indicted on one count of conspiracy to possess with intent to distribute and conspiracy to distribute marijuana, in violation of 21 U.S.C. §§ 841 and 846, and one count of conspiracy to launder money, in violation of 18 U.S.C. § 1956(h). Defendant appeals his conviction on a plea of guilty to conspiracy to possess with intent to distribute marijuana and conspiracy to launder money. Defendant raises seven issues. We AFFIRM the judgment and sentence for the reasons stated below.

### A. Acceptance of Responsibility

■ Defendant claims that the district court was clearly erroneous when it denied an additional one-level downward departure under U.S.S.G. § 3E1.1(b) after it granted a two-level downward adjustment for acceptance of responsibility under U.S.S.G. § 3e1.1(a).

■ A district court's determination of acceptance of responsibility is entitled to great deference and is reviewed for clear error. *See United States v. Bradshaw,* 102 F.3d 204, 214 (6th Cir.1996); U.S.S.G. § 3E1.1, Application Note 5.

U.S.S.G. § 3E1.1 provides that:

(a) If the defendant clearly demonstrates acceptance of responsibility for

---

* The Honorable Solomon Oliver, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

his offense, decrease the offense level by 2 levels.

(b) If the defendant qualifies for a decrease under subsection (a), the offense level determined prior to the operation of subsection (a) is level 16 or greater, and the defendant has assisted authorities in the investigation or prosecution of his own misconduct by taking one or more of the following steps:

(1) timely providing complete information to the government concerning his own involvement in the offense; or

(2) timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently, decrease the offense level by 1 additional level.

U.S.S.G. § 3E1.1. Further, disclosure under (b)(1) or (2) "must occur particularly early in the case." U.S.S.G. § 3E1.1, Application Note 6.

Defendant was ineligible for an additional one-level downward departure because he failed to meet either requirement of U.S.S.G. § 3E1.1(b). Defendant did not provide complete and timely information about his involvement in the offense. Rather, as the district court found, Defendant did not admit the extent of his involvement until after he pleaded. Further, Defendant pled guilty only after the scheduled trial date of August 31, 1999, and only after the Government had obtained writs to bring three incarcerated witnesses to the trial. Although Defendant assisted the Government and even admitted using more marijuana than the district court assessed, he was not timely in disclosing the extent of his criminal conduct and intent to plead guilty. Thus, the district court did not err in denying the additional one-level downward adjust-

ment for acceptance of responsibility under U.S.S.G. § 3E1.1(b).

## B. Upward Adjustment for Managerial Role in the Offense

■ Defendant contends that the district court clearly erred when it adjusted his offense score upward three levels under U.S.S.G. § 3B1.1(b) for his role in the offense without conducting an evidentiary hearing.

■ Defendant's claim lacks merit because he waived this issue for appeal. Where a party has the opportunity to object to a sentence but does not object or does not state the grounds for the objection, the party generally waives those objections for appeal. *See United States v. French*, 974 F.2d 687, 697 (6th Cir.1992); *United States v. Cullens*, 67 F.3d 123, 124 (6th Cir.1995). In this case, Defendant did not object to the three-level upward adjustment for his role in the offense under U.S.S.G. § 3B1.1(b).

■ However, where a defendant does not object, this Court reviews for plain error, Fed.R.Crim.P. 52, and determines whether manifest injustice would result without review. *See United States v. Koeberlein*, 161 F.3d 946, 949 (6th Cir.1998). To establish plain error, a defendant must show (1) that an error occurred in the district court; (2) that the error was plain, i.e., obvious or clear; (3) that the error affected defendant's substantial rights; and (4) that this adverse impact seriously affected the fairness, integrity or public reputation of the judicial proceedings. *See Koeberlein*, 161 F.3d at 949.

Further, Defendant has not shown manifest injustice. Section 3B1.1(b) provides: "If the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive,

increase by 3 levels." Defendant merely asserts but does not show from the record that the district court erred when it accepted the three-level upward adjustment for his role in the offense based on the presentence report, without an evidentiary hearing, that he managed five or more participants.

## C. Enhancement without Proper Notice

Defendant now claims for the first time on appeal that the district court enhanced his sentence under 21 U.S.C. § 841(b)(1)(B) without proper notice as required under 21 U.S.C. § 851(a)(1). As stated more fully above, a defendant may not raise a sentencing issue for the first time on appeal, unless he can show plain error and manifest injustice. Defendant did not raise this issue below and has not shown plain error. Therefore, he waived it. Furthermore, Defendant's sentence was not enhanced under § 841(b)(1)(B). Section 841(b)(1)(B) requires a previous felony drug conviction, which Defendant did not have. Moreover, neither the sentencing transcript nor the presentence report reflects an enhancement under § 841(b)(1)(B) based on a prior felony drug conviction.

## D. Alleged Breach of Plea Agreement

Defendant contends that the Government breached its plea agreement with him, which it induced by allegedly promising to recommend a five-year sentence if Defendant pleaded guilty. Again, as stated more fully above, a defendant may not raise a sentencing issue for the first time on appeal, unless he can show plain error and manifest injustice. Defendant did not raise this issue below and has not shown plain error. Therefore, he waived it. Moreover, while the record reflects a written agreement and stipulations for his co-defendants, it does not contain a similar plea agreement for Defendant. In fact, to the contrary, Defendant's attorney even stated for the record that the Defendant had no stipulation with the Government as to the quantity of marijuana. Thus, no error has occurred.

## E. Defendant's Competency at Sentencing

■ Defendant maintains that he was not competent to enter a knowing and voluntary guilty plea because his alcohol and drug use rendered him unable to understand the sentencing concept of relevant conduct and unable to remember the amount of marijuana that he sold.

■ A guilty plea is valid if it is entered voluntarily and intelligently, as determined under the totality of the circumstances. *Brady v. United States,* 397 U.S. 742, 749, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); *Boykin v. Alabama,* 395 U.S. 238, 242–44, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). A "plea of guilty entered by one fully aware of the direct consequences" of the plea is voluntary in a constitutional sense, and the mere fact that the defendant "did not correctly assess every relevant factor entering into his decision" does not mean that the decision was not intelligent. *See Brady,* 397 U.S. at 755, 757, 90 S.Ct. 1463. A "defendant need only be aware of the direct consequences of the plea, however; the trial court is under no constitutional obligation to inform the defendant of all the possible collateral consequences of the plea." *King v. Dutton,* 17 F.3d 151, 153 (6th Cir.1994).

Moreover, Fed.R.Crim.P. 11 safeguards a defendant's trial rights and insures that a defendant's guilty plea is knowing and voluntary by requiring the district court to "inquire whether a defendant who pleads guilty understands the nature of the charge against him and whether he is aware of the consequences of his plea."

*McCarthy v. United States,* 394 U.S. 459, 464, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969).

In this case, all the requirements of Fed.R.Crim.P. 11 were met: Defendant indicated on the record that he fully understood the nature of the charges against him, the potential penalties for each of the charges, his various rights, and that he pleaded knowingly and voluntarily.

### F. Denial of a Downward Departure

■ Defendant contends that his criminal history category of V over-represented the seriousness of his actual criminal history. He also maintained that the district court's discretionary denial of a motion for a downward departure under U.S.S.G. § 4A1.3 was improper because his criminal history primarily consisted of misdemeanor convictions.

■ A district court's refusal to depart downward is not ordinarily appealable. *See United States v. Farrow,* 198 F.3d 179, 199 (6th Cir.1999) (citing *United States v. Byrd,* 53 F.3d 144, 145 (6th Cir.1995)). The decision not to depart may be appealed only where the district court's refusal to depart was based on an erroneous belief that it lacked the authority to do so.

■ A district court is presumed to know that it has discretion to depart from the sentencing guidelines and need not expressly acknowledge its discretion to depart. *See Farrow,* 198 F.3d at 199. In this case, the district court explicitly found that Defendant's criminal history category was not overstated and refused to depart from the sentencing guidelines. As a result, the district court did not base its decision denying the downward departure on an erroneous belief that it lacked such authority. Thus, the denial of Defendant's request for a downward departure is not appealable.

■ Moreover, Defendant's criminal history category of V did not over-represent the gravity of his actual criminal history and probability of recidivism. Defendant's misdemeanor criminal record added seven points. Three points were added because he committed the crimes in this case while he was still on probation for a prior offense and within two years of his release from custody. Accordingly, even if this denial of a downward departure were appealable, we find that the district court properly determined that Defendant's criminal history category did not over-represent his likelihood of recidivism.

### G. Upward Adjustment for Possession of a Firearm

■ Defendant contends that the district court improperly adjusted upward his offense score by two levels for possession of a firearm without a hearing. As more fully stated above, a defendant may not raise a sentencing issue for the first time on appeal, unless he can show plain error and manifest injustice.

Further, as stated above, a district court is not required to conduct factual inquiries into uncontested facts and issues. The district court need only "rule on any unresolved objections to the presentence report." Fed.R.Crim.P. 32(c)(1). Defendant did not object to the two-level upward adjustment for possession of a firearm under U.S.S.G. § 2D1.1(b)(1) and has not shown either plain error or manifest injustice. Defendant does not dispute that he possessed a firearm or offer proof that he did not possess a firearm. Rather, Defendant merely asserts that the district court should have conducted an inquiry to factually determine whether he actually possessed a firearm, instead of relying on the presentence report's recommendation of a two-level upward adjustment for possession of a firearm.

### III. CONCLUSION

We AFFIRM the judgment and sentence of the district court.