UNITED STATES of America,
Plaintiff–Appellee,

v.

Robert Jon MOES, also known as Robert Jon White, Defendant–Appellant.

No. 01–1557.

United States Court of Appeals,
Sixth Circuit.

Oct. 26, 2001.

Before NELSON, CLAY, and
GARWOOD,* Circuit Judges.

## ORDER

Robert John Moes, a federal prisoner, appeals the district court's judgment of conviction and sentence for two counts of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed Fed. R.App. P. 34(a).

Moes was indicted in September 2000 on the two counts described above. He waived his right to a jury trial and was tried before the bench. Moes stipulated to facts comprising all of the essential elements of the offenses, but testified at trial that his right to possess firearms had been automatically restored by the state of Michigan five years after the termination of his parole. The district court found otherwise and convicted Moes of both counts on January 16, 2001. Moes moved for a downward departure, but the motion was denied and he was sentenced on April 16, 2001, to 72 months in prison, three years of supervised release, and a $1,000 fine. This sentence was based upon a total offense level of 21 and a criminal history category of V, resulting in a guidelines sentencing range of 70–87 months.

Moes's court-appointed counsel has filed a brief on appeal and also a motion to withdraw pursuant to *Anders v. Califor-nia,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). After a review of the record, counsel was of the opinion that there were no meritorious grounds for appeal, but did address the issue of whether Moes's right to possess firearms had been automatically restored by Michigan law. Moes has responded to his attorney's *Anders* brief, requesting the appointment of new counsel and raising the following issues: (1) Moes was not expressly prohibited from possessing firearms under Michigan law; (2) counsel rendered ineffective assistance by failing to object to the government's use of undisclosed witness testimony; (3) the district court erred by denying Moes's motion for substitute counsel; (4) the district court erred by assigning three points to Moes's criminal history score for a drug conviction from which he was paroled more than 15 years ago; and (5) counsel was ineffective for failing to call witnesses supporting the motion for a downward departure.

Upon review, we grant counsel's motion to withdraw because he has filed an acceptable *Anders* brief that concludes, after a review of the entire record, that there are no meritorious grounds for relief and raises the only issue he determined to be arguable. We affirm the district court's judgment because Moes was prohibited from possessing a firearm under Michigan law and because the issues raised pro se by Moes do not merit relief.

Both Moes and his attorney argue that he was not expressly prohibited from possessing a firearm under Michigan law. Moes stipulated that he was a convicted felon and the court, sitting as trier of fact, found that the felon in possession charges were based upon convictions for, *inter alia,* delivery of LSD in 1987 and escape from prison in 1989. Moes was discharged

---

* The Honorable Will L. Garwood, United States Circuit Judge for the Fifth Circuit, sit-ting by designation.

from parole for the escape conviction in October 1993. A prior felony conviction under § 922(g) does not include a conviction for which the defendant's civil rights have been restored, unless the restoration of civil rights expressly provides that he may not ship, transport, possess, or receive firearms. 18 U.S.C. § 921(a)(20). The civil rights of a Michigan felon, including the right to serve on a jury, vote, and hold public office, may be fully restored after the completion of his sentence. *Hampton v. United States*, 191 F.3d 695, 699–702 (6th Cir.1999). However, Moes has not shown that his right to possess a firearm has been restored under state law. See *Caron v. United States*, 524 U.S. 308, 316–17, 118 S.Ct. 2007, 141 L.Ed.2d 303 (1998).

Michigan law expressly restricts the ability of one convicted of a "specified felony" to possess a firearm. The district court properly found that Moes's LSD conviction was a specified felony pursuant to M.C.L. § 750.224f(6)(ii). Section 750.224f further provides, in pertinent part:

(2) A person convicted of a specified felony shall not possess, use, transport, sell purchase, carry, ship, receive, or distribute a firearm in this state until all of the following circumstances exist:

(a) The expiration of 5 years after all of the following circumstances exist:

(i) The person has paid all fines imposed for the violation.

(ii) The person has served all terms of imprisonment imposed for the violation.

(iii) The person has successfully completed all conditions of probation or parole imposed for the violation.

(b) The person's right to possess, use, transport, sell, purchase, carry, ship, receive, or distribute a firearm has been restored pursuant to . . . section 28.424 of the Michigan Compiled Laws.

As the plain language of the statute provides, Michigan law requires a convict-

ed felon to fulfill the conditions found in *both* subsections (a) and (b). See *United States v. Ormsby*, 252 F.3d 844, 850 (6th Cir.2001). "A person seeking restoration of the right to possess firearms under M.C.L. § 28.424 must make application to the concealed weapons licensing board for the county in which he resides." *Id.* It is undisputed that Moes did not apply to the concealed weapons licensing board for the right to possess firearms. Thus, Moes was under a state prohibition against possessing firearms at the time of his indictment for violating § 922(g), see *United States v. Morgan*, 216 F.3d 557, 566 (6th Cir.2000), cert. denied, 531 U.S. 1154, 121 S.Ct. 1102, 148 L.Ed.2d 973 (2001), and his argument to the contrary is unpersuasive.

In his pro se brief, Moes argues that his attorney failed to provide effective assistance of counsel by failing to object during trial to the government's use of undisclosed witness testimony. To demonstrate ineffective assistance of counsel, Moes must show that counsel's performance was deficient and that this deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Generally, a claim of ineffective assistance of counsel is not cognizable on direct appeal because the record is inadequate to permit review; therefore it is more properly brought in a motion to vacate under 28 U.S.C. § 2255. *United States v. Tucker*, 90 F.3d 1135, 1143 (6th Cir.1996). However, if the record is adequate, this court may elect to review the issue on direct appeal. *United States v. Pierce*, 62 F.3d 818, 833 (6th Cir.1995). In this case, the record is adequate to reject Moes's claim.

The government presented only two witnesses at the bench trial. Even if these two witnesses were undisclosed prior to trial, Moes can show no prejudice from their testimony. The district court did not

rely on their testimony to find that Moes's gun rights had not been restored by the state of Michigan; instead, it relied on his own stipulation that he never applied for such restoration as required. Thus, there is no prejudice from counsel's failure to object to the government witnesses and Moes's ineffective assistance issue must fail.

Moes next argues that the district court erred in denying his motion for substitute counsel and in failing to make adequate inquiry into his request. The right to counsel of choice is not absolute and must be balanced against the court's authority to control its own docket. *United States v. Krzyske,* 836 F.2d 1013, 1017 (6th Cir. 1988). A defendant must demonstrate good cause to warrant substitution of counsel after the trial has commenced. *Wilson v. Mintzes,* 761 F.2d 275, 280 (6th Cir. 1985). The record in this case does not meet this standard.

Moes asserts that he was erroneously assigned three criminal history points for a 1983 LSD conviction from which he was paroled in July 1985, more than 15 years prior to his indictment in the instant offense. Because Moes expressly withdrew this objection at sentencing and agreed that criminal history category V was applicable in his case, he has waived the right to appeal this issue. See *United States v. Kincaide,* 145 F.3d 771, 784 (6th Cir.1998); *United States v. Cullens,* 67 F.3d 123, 124 (6th Cir.1995).

Finally, Moes claims that counsel rendered ineffective assistance by failing to call witnesses to support his request for a downward departure under USSG § 5K2.12 based upon a fear for his life. Like the claim of ineffective assistance addressed above, the record before the court is adequate to determine that this claim is without merit because Moes fails to show prejudice from any failure to call these unidentified witnesses. Moes was given the opportunity to speak to his claim of duress and the government spoke in opposition. After considering the circumstances, the district court explicitly found that these factors did not take Moes's offense out of the "heartland" of similar cases so as to warrant a downward departure. See *United States v. Prince,* 214 F.3d 740, 767 (6th Cir.), *cert. denied,* 531 U.S. 974, 121 S.Ct. 417, 148 L.Ed.2d 322 (2000); *United States v. Crouse,* 145 F.3d 786, 788–89 (6th Cir.1998).

Our independent review of the record reveals no other colorable issues for appeal. Accordingly, counsel's motion to withdraw is granted, Moes's motion for new counsel is denied, and the district court's judgment, entered on April 16, 2001, is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.