**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Billy Joe CALLIN, Defendant– Appellant.**

No. 02–1778.

United States Court of Appeals, Sixth Circuit.

Dec. 9, 2003.

Kathleen Moro Nesi, Asst. U.S. Attorney, U.S. Attorney's Office, Detroit, MI, for Plaintiff–Appellee.

Andrew Densemo, James R. Gerometta, Federal Public Defenders Office, Detroit, MI, for Defendant–Appellant.

Before MARTIN and SUTTON, Circuit Judges; and MILLS, District Judge.*

* The Honorable Richard Mills, United States District Judge for the Central District of Illi-

MARTIN, Circuit Judge.

Billy Joe Callin appeals the sentence imposed by the district court pursuant to Section 2J1.7 of the United States Sentencing Guidelines after his guilty plea conviction for distributing cocaine in violation of 21 U.S.C. § 841(a)(1). For the following reasons we AFFIRM the judgment of the district court.

## I.

On June 13, 1997, in the United States District Court for the Northern District of Texas, Callin was sentenced to eleven years and three months of imprisonment for distribution of a controlled substance. Callin was permitted to surrender voluntarily, but failed to do so and a warrant was issued for his arrest. On August 28, Michigan police arrested Callin after a search of his vehicle recovered 188 grams of crack cocaine. Callin was returned to Texas to begin his sentence. On September 25, 2001, Callin pled guilty to a charge of possession of cocaine pursuant to a Rule 11 plea agreement which provided for a twenty-year maximum term. Based on Callin's substantial assistance, however, the United States and Callin moved for a downward departure. The district court granted this motion. Thus, the district court reduced the applicable guideline range for committing a level thirty-four offense with a Category V criminal history, from an initial range of 235 months to 293 months, down to a range of 168 months to 210 months. This range included the enhancement under Guideline Section 2J1.7. The district court then sentenced Callin to a total of 168 months imprisonment, attributing 140 months to the underlying offense to be served concurrently with his Texas sentence, and the remaining 28 months to the Guideline Section 2J1.7 enhancement to be served consecutively.

On appeal, Callin does not challenge his total sentence of 168 months. Rather, Callin argues that the district court improperly apportioned his sentence between the amount attributable to the underlying offense and the amount attributable to the Guideline Section 2J1.7 enhancement. Specifically, Callin argues that the district court erred in finding that the Sentencing Guidelines required that "the portion of the sentence attributable to the underlying offense fit within the guideline range that would have been applicable without the three point enhancement under [Guideline Section] 2J1.7." Free from this restraint, Callin argues that the "district court could have attributed a larger portion of the defendant's sentence to the underlying offense, and therefore run a smaller portion of the sentence consecutive[ly]." Because this Court finds that Callin has waived this argument by failing to object at sentencing, we do not reach its merits.

## II.

It is axiomatic that "[i]f the system is to work and if appellate review is to be meaningful, it is absolutely essential that a defendant raise all objections to the sentence before his sentencing judge in the first instance." *United States v. Cullens*, 67 F.3d 123, 124 (6th Cir.1995). For this reason, we have held that a failure to challenge an application of the Guidelines at sentencing constitutes a waiver of that issue. *United States v. Nagi*, 947 F.2d 211, 213 (6th Cir.1991). A waiver, or the "intentional relinquishment or abandonment of a known right," *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938), has the effect of precluding appellate review of the waived issue. The United States argues that Callin has waived any error in the sentence by failing to object at sentencing. We agree.

nois, sitting by designation.

In this case, Callin had several opportunities to object and failed to do so each time. First, Callin failed to object to the presentence report which indicated that any enhancement attributable to the Guideline Section 2J1.7 must run consecutively. Second, Callin failed to object when the district court twice gave him an opportunity to comment at sentencing. That is, the record clearly demonstrates that Callin not only failed to object when the district court dictated its understanding of its apportionment responsibility, but he also failed to object when given an opportunity to address any further concerns that he had with the court's sentencing determination.

Because Callin failed to give the court "any inkling that [he] disagreed" with the district court's sentencing determination, *United States v. Barajas–Nunez*, 91 F.3d 826, 830 (6th Cir.1996), the district court was deprived of the opportunity to examine the merits of the issue that Callin now raises for the first time on appeal. Rather than objecting to the district court's understanding of its apportionment responsibility, Callin's counsel affirmatively agreed with the district court's interpretation. For example, in response to the district judge's interpretation of Guideline Section 2J1.7, Callin stated: "I don't believe that it's inaccurate. I wish it was inaccurate. But it is accurate." Upon further reflection, Callin asserted: "The law is what it is, Your Honor. And I'm sure— the Court has to comply with it." As we explained in *United States v. Sloman*, 909 F.2d 176, 182 (6th Cir.1990), "[a]n attorney cannot agree in open court with a judge's proposed course of conduct and then charge the court with error in following that course."

Although Callin argues that his counsel's request for "a sentence which still puts Mr. Callin in a range that his counsel had represented to him and what he had antici-pated under Rule 11," constitutes an objection, we find this argument without merit. Indeed, the Rule 11 plea agreement provided for a maximum sentence of 240 months and the sentence imposed is well below this limit. Therefore, we conclude that by failing to object at sentencing, Callin has waived his right to appeal his sentence.

Accordingly, we AFFIRM the decision of the district court.