**AFFIRMED.**

RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION:  2001 FED App. 0183P (6th Cir.)
File Name:  01a0183p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

UNITED STATES OF AMERICA,
　　　　*Plaintiff-Appellee,*

　　　*v.*

LARRY ARTHUR ORMSBY,
　　　　*Defendant-Appellant.*

No. 98-2380

Appeal from the United States District Court
for the Eastern District of Michigan at Bay City.
No. 97-20058—Robert H. Cleland, District Judge.

Submitted:  March 21, 2001

Decided and Filed: June 4, 2001

Before:  GUY, NORRIS, and GILMAN, Circuit Judges.

_____

## COUNSEL

**ON BRIEF:**  Melvin Houston, Detroit, Michigan, for Appellant. Michael Hluchaniuk, ASSISTANT UNITED STATES ATTORNEY, Bay City, Michigan, for Appellee.

1

## OPINION

RALPH B. GUY, JR., Circuit Judge.  Defendant, Larry A. Ormsby, entered a conditional plea of guilty to one count of being a felon in possession of various firearms and ammunition.  *See* 18 U.S.C. § 922(g)(1).  Challenging the district court's determination that his prior conviction satisfied § 922(g)(1), defendant argues that his civil rights had been restored under Michigan law at the time he acquired the firearms.  As a result, he also claims that his actual innocence of the charge made his conditional plea involuntary.  Finally, defendant appeals from the district court's determination, after a hearing, that he could not present the defense of entrapment by estoppel.  After review of the record and the arguments presented on appeal, we find no error and affirm.

### I.

Defendant was charged with being a felon in possession of fifteen firearms and various kinds of ammunition on September 7, 1997.[1]  On that date, the police went to defendant's home in response to a report of domestic assault made by his wife.  Defendant was arrested, the house searched, and firearms found.  Defendant was subsequently convicted in state court on charges of child abuse and domestic violence and was sentenced to 15 to 22 ½ years' imprisonment.

The felon-in-possession charge at issue here was based upon defendant's prior conviction in a Michigan state court for felonious assault, which carried a maximum sentence of

---

[1] The firearms included:  three shotguns; six .22 caliber rifles, two of which were semi-automatic; three semi-automatic pistols; two .45 caliber handguns; and one revolver.  One of the rifles, an Armscor model 1600 .22 caliber rifle, is considered an assault rifle under 18 U.S.C. § 921(a)(30).

---

subsequent charge for being a persistent felony offender.  Tinsley was advised at that time, and later by a state parole officer, that he was not a convicted felon and could possess a firearm.  After reviewing the applicable authority, this court followed the majority of courts and found that "the entrapment by estoppel defense is not available because the representations on which Tinsley relies were made by state, and not federal, officials."  *Tinsley*, 1997 WL 63156, at *6.  *See also United States v. Hunter*, No. 99-2221, 2001 WL 128297 (6th Cir. Feb. 9, 2001) (unpublished decision) (tribal officer's issuance of hunting licenses not a defense to federal felon in possession charges under §§ 922(g)(1) & 924(a)); *United States v. Waldroop*, No. 99-5029, 2000 WL 302779 (6th Cir. Mar. 17, 2000) (unpublished decision) (state court judge's advice that defendant could possess firearms for hunting was not a defense to federal firearms charges).

On appeal, defendant attempts to distinguish our prior decisions by arguing that he relied upon "representations made by officials in a county sheriff's office entrusted with the responsibility of determining whether an individual should be issued a permit to carry a firearm."  Defendant contends that since those state officials used information provided by the federal government to make this determination, they became "authorized agents" of the federal government.  On the contrary, the use of information from the federal government in carrying out their responsibility to interpret state law does not constitute a grant of authority by the federal government to render advice concerning federal law.  *See United States v. Spires*, 79 F.3d 464, 466-67 (5th Cir. 1996) (task force agent employed by sheriff's department was not an authorized federal official, even though the task force was federally funded).[8]

---

[8] We further note that defendant's statement in each application to the sheriff's department that he was not a convicted felon undercuts his claim of reasonable reliance upon the validity of the firearm permits and, therefore, his contention that the entrapment by estoppel defense applied here.  *See Levin*, 973 F.2d at 468.

officials lack the authority to bind the federal government to an erroneous interpretation of federal law. *Id*. at 1026; *see also United States v. Hurst*, 951 F.2d 1490, 1499 (6th Cir. 1991) (defendants charged under 18 U.S.C. § 1955 could not rely upon statements by state officials concerning state law to establish defense to federal offense).

The district court's determination that the defense was not available here is consistent with several unpublished decisions of this court, as well as the decisions of a number of other circuits. *See, e.g., United States v. Funches*, 135 F.3d 1405, 1407 (11th Cir. 1998) (collecting cases); *United States v. Bruscantini*, 761 F.2d 640, 641 (11th Cir. 1985). In *Funches*, the defendant asserted the defense based upon advice he received from employees of the state department of corrections concerning the restoration of his civil rights. The Eleventh Circuit explained that although the defense may apply to a federal firearms offense under § 922, it does not apply when "the state incorrectly advises the person and, then, the federal government prosecutes the person." *Funches*, 135 F.3d at 1407.

As the district court observed, this court addressed this question under circumstances similar to this case and concluded that the defense of entrapment by estoppel was not available in *United States v. Hall*, No. 93-6345, 1994 WL 408188 (6th Cir. Aug. 3, 1994) (unpublished decision), and *Tinsley v. United States*, No. 95-5564, 1997 WL 63156 (6th Cir. Feb. 12, 1997) (unpublished decision). The defendants in both *Tinsley* and *Hall* were charged under § 922(g) with being a felon in possession of a firearm based upon their prior state convictions. In *Hall*, we concluded that entrapment by estoppel was not a defense when a defendant is prosecuted in federal court for actions taken in reliance upon a state probation officer's representations or advice. *Hall*, 1994 WL 408188, at *3.

Tinsley's state conviction for manslaughter was vacated on appeal and later reinstated by the trial court. Based upon the appellate court judgment, however, a state court dismissed a

four years' imprisonment. *See* M.C.L. § 750.82. Defendant was sentenced to six months in jail, but no probation or parole was ordered. All terms and conditions of his sentence were completed at the time of defendant's release in September 1986. Defendant did not begin acquiring the firearms until January 1995, more than five years after his release.

Shortly before trial, defendant filed a motion to dismiss the indictment on the grounds that (1) his civil rights had been restored under Michigan law when he was released from custody in September 1986, and (2) he met all the conditions set forth in M.C.L. § 750.224f for the possession of a firearm before he began acquiring the firearms. On July 1, 1998, the district court denied the motion without prejudice. The court explained that although defendant had apparently satisfied the requirements of M.C.L. § 750.224f(2)(a)(i), (ii), and (iii), he had either overlooked or ignored the requirement of M.C.L. § 750.224f(2)(b) that his right to possess firearms had to be restored pursuant to M.C.L. § 28.424. Since there was no claim that defendant had satisfied this condition, the district court denied the motion without prejudice. Defendant did not and does not claim that he either applied for or was granted restoration of the right to possess firearms under M.C.L. § 28.424.

The government moved to exclude the testimony of several witnesses who defendant intended to offer concerning the defense of entrapment by estoppel. The trial, which had just commenced, was continued, and the district court held an evidentiary hearing on the matter. There was testimony that on five occasions between April 6, 1995, and June 8, 1997, the Ogemaw County Sheriff's Department issued defendant a permit to purchase handguns. Defendant was required to complete a form each time, upon which he indicated that he was *not* a convicted felon.[2] The sheriff's department ran

---

[2] Defendant claimed that he thought he did not have to answer "yes" to the question because he had completed all the terms and conditions of his sentence. The district court found this claim to be incredible.

criminal history checks on the Law Enforcement Information Network (LEIN) but, apparently due to some clerical error, defendant's prior felony conviction was not detected. As a result, the permits were issued without referring defendant to the concealed weapons licensing board to apply for restoration of his right to possess firearms under M.C.L. § 28.424.

On August 18, 1998, after giving defendant an opportunity to file a brief on the issue, the court found that the entrapment-by-estoppel defense was not available to defendant because state and not federal officials issued the permits upon which defendant claimed to rely. The court also found no facts were presented from which the court could conclude there was a federal connection to the sheriff's department. The defendant then entered a conditional guilty plea, reserving the right to appeal two questions: (1) whether he was a prohibited person, since he had been issued permits to purchase firearms; and (2) whether he should be allowed to assert the defense of entrapment by estoppel. Later during the plea colloquy, the court confirmed that these were the issues he had reserved the right to appeal as a condition to pleading guilty.

On November 24, 1998, the district court sentenced defendant to 78 months' imprisonment to run concurrently with part of the state sentences he was already serving. Expressing the intention that defendant should serve approximately 18 months beyond the anticipated state sentences, the district court ordered that the federal sentence commence on September 7, 2007, or when the defendant has completed the balance of the state sentences, whichever comes first. This appeal followed.

under this provision before he acquired and possessed the firearms at issue, he remained under a firearm disability. *See United States v. Morgan*, 216 F.3d 557, 566 (6th Cir. 2000) (firearms disability determined at time of indictment), *cert. denied*, 121 S. Ct. 1102 (2001). Since defendant was specifically prohibited by Michigan law from possessing firearms until his right to do so was restored pursuant to M.C.L. § 28.424, the "unless" clause applies and his felonious assault conviction was a proper predicate for the § 922(g)(1) conviction. *See Cassidy*, 899 F.2d at 549.

## B.  Entrapment by Estoppel Defense

Defendant asserted the defense of entrapment by estoppel based upon his receipt of the five gun permits issued by the Ogemaw County Sheriff's Department. The district court concluded that the defense was not available here because the alleged representations were made by state officials who were not authorized to bind the federal government with respect to federal law. Reviewing this question *de novo*, we affirm. *See United States v. Brebner*, 951 F.2d 1017, 1024 (9th Cir. 1991).

The defense of entrapment by estoppel, recognized by the Supreme Court and several circuit courts, "is based upon fundamental notions of fairness embodied in the Due Process Clause of the Constitution." *See United States v. Levin*, 973 F.2d 463, 468 (6th Cir. 1992) (citations omitted). This defense arises "when an authorized government official tells the defendant that certain conduct is legal and the defendant [reasonably] believes the official." *Brebner*, 951 F.2d at 1024.[7] When this defense is asserted with respect to a federal offense, representations or assurances by state or local

---

[7]The factors identified in *Levin* for determining the availability of the defense are that: "(1) a government must have announced that the charged criminal act was legal; (2) the defendant relied on the government announcement; (3) the defendant's reliance was reasonable; and, (4) given the defendant's reliance, the prosecution would be unfair." *Levin*, 973 F.2d at 468 (citing *United States v. Smith*, 940 F.2d 710 (1st Cir. 1991)).

assault,[5] to possess a firearm. M.C.L. § 750.224f provides in pertinent part as follows:

> (2) A person convicted of a specified felony *shall not* possess, use, transport, sell, purchase, carry, ship, receive, or distribute a firearm in this state *until all of the following circumstances exist*:
>
> (a) The expiration of 5 years after all of the following circumstances exist:
>
> (i) The person has paid all fines imposed for the violation.
> (ii) The person has served all terms of imprisonment imposed for the violation.
> (iii) The person has successfully completed all conditions of probation or parole imposed for the violation.
>
> (b) The person's right to possess, use, transport, sell, purchase, carry, ship, receive, or distribute a firearm has been restored pursuant to [M.C.L. § 28.424].

M.C.L. § 750.224f(2) (emphasis added). A person seeking restoration of the right to possess firearms under M.C.L. § 28.424 must make application to the concealed weapons licensing board for the county in which he resides.[6] Since defendant makes no claim to having had his rights restored

---

[5] A "specified felony" is defined to include a felony which has as an element the use, attempted use, or threatened use of physical force against the person or property of another. *See* M.C.L. § 750.224f(6)(i).

[6] The concealed weapons licensing board is required to restore such rights by written order if it finds by clear and convincing evidence that all of the requirements are met, including that "[t]he person's record and reputation are such that the person is not likely to act in a manner dangerous to the safety of other persons." M.C.L. § 28.424(3)(c). The statute also provides for review of the board's decision in the circuit court. *See* M.C.L. § 28.424(4).

## II.

### A.  Motion to Dismiss

Claiming that the district court erred in denying his motion to dismiss the indictment, defendant argues that his prior felonious assault conviction could not, as a matter of law, have been used as a basis for his conviction under § 922(g)(1) because his civil rights had been substantially restored under Michigan law. The government contends that although the defendant entered a conditional plea of guilty, he nonetheless failed to preserve the right to appeal from the denial of his motion to dismiss.

A voluntary and unconditional guilty plea waives all non-jurisdictional defects in the proceedings. *See United States v. Pickett*, 941 F.2d 411, 416 (6th Cir. 1991). Under Fed. R. Crim. P. 11(a)(2), a defendant may, with the approval of the court and consent from the government, enter a conditional plea of guilty "reserving in writing the right, on appeal from the judgment, to review of the adverse determination of any specified pretrial motion."[3] This rule places an "affirmative duty" on the defendant to preserve any issues collateral to the determination of guilt or innocence by specifying them in the plea itself. *Pickett*, 941 F.2d at 416. In this case, the defendant reserved the right to appeal other issues, but not the question raised by the motion to dismiss. *See, e.g., United States v. Napier*, 233 F.3d 394, 399 (6th Cir. 2000) (issue not specified in conditional plea was not preserved for appeal). Nor does defendant's challenge rise to the level of a

---

[3] Although Rule 11 requires that a conditional plea reserve the right to appeal *in writing*, the failure to do so may be excused when it is harmless. *See* FED. R. CRIM. P. 11(h) ("Any variance from the procedures required by this rule which does not affect substantial rights shall be disregarded."). It is clear from the transcript of the plea hearing in this case that defendant's plea was conditional, the government consented to the conditional plea, and the conditional plea was approved by the district court. In this situation, the requirement that the reservation of rights be in writing may be excused. *See, e.g., United States v. Yasak*, 884 F.2d 996, 999-1000 (7th Cir. 1989) (writing requirement is not jurisdictional).

jurisdictional defect in the proceedings before the district court. *See United States v. Bahhur*, 200 F.3d 917, 923 (6th Cir. 2000) (unconditional plea waived non-jurisdictional collateral attack on the sufficiency of evidence).

Apparently in an effort to overcome the waiver, defendant also argues that his conditional plea was not voluntary or intelligent because it may have resulted in the conviction of one who was actually innocent of the charge. A plea is valid if it is entered voluntarily and intelligently as determined under the totality of the circumstances. *Brady v. United States*, 397 U.S. 742, 749 (1970). The constitution requires the circumstances to reflect that the defendant was informed of all the direct consequences of his plea. *Id.* A plea may be involuntary if the defendant does not understand the nature of the constitutional rights he is waiving, or unintelligent if the defendant does not understand the charges against him. *Henderson v. Morgan*, 426 U.S. 637, 645 n.13 (1976).

Defendant seems to argue that if his prior conviction was not a proper basis for the § 922(g)(1) conviction, the plea would not have been intelligently made. *See Bousley v. United States*, 523 U.S. 614, 620-21 (1998). Given that the defendant raised the issue in his motion to dismiss and entered a conditional plea of guilty without preserving the issue, it is not clear that the defendant would be able to show that he was misinformed of the nature of the charge. We need not resolve that question, however, because it is clear from the record that the felonious assault conviction was a conviction for purposes of § 922(g)(1).

Section 922(g)(1) makes it unlawful for any person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" to, among other things, possess any firearms or ammunition. In defining a "crime punishable by imprisonment for a term exceeding one year," Congress limited its scope to certain convictions by providing in pertinent part:

> What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction

> in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, *unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.*

18 U.S.C. § 921(a)(20) (emphasis added). The first sentence and the first clause of the second sentence define convictions by reference to the law of the convicting jurisdiction, which in this case is Michigan. *Caron v. United States*, 524 U.S. 308, 313 (1998); *see also United States v. Cassidy*, 899 F.2d 543, 549 (6th Cir. 1990). The "unless" clause, however, is controlled by federal law. *Caron*, 524 U.S. at 316.

Defendant correctly argues that, as this court recently held in *Hampton v. United States*, 191 F.3d 695 (6th Cir. 1999), a convicted felon's civil rights are restored by operation of Michigan law upon the completion of the terms and conditions of his sentence.[4] Defendant completed the terms and conditions of his sentence for felonious assault at the time of his release in September 1986, more than five years before he began acquiring the firearms and ammunition in question. As the district court found, however, the "unless" clause applies in this case, such that defendant's prior conviction was a proper predicate for the conviction for being a felon in possession under § 922(g)(1).

Michigan law expressly restricts the ability of one convicted of a "specified felony," including felonious

---

[4] The focus is upon whether the state restores a felon's key civil rights; those being the right to vote, hold office, and serve on a jury. *Hampton*, 191 F.2d at 701 (citing *United States v. Driscoll*, 970 F.2d 1472, 1480 (6th Cir. 1992)). The court in *Hampton* relied upon the intervening state appellate court decision in *Froede v. Holland Ladder & Mfg. Co.*, 523 N.W.2d 849 (Mich. App. 1994), to overturn the earlier holding in *Driscoll* that Michigan law did not restore a felon's right to vote.