David Andrew MAPLES, Petitioner,

v.

Jimmy STEGALL, Respondent.

No. 00–CV–71718–DT.

United States District Court,
E.D. Michigan,
Southern Division.

Oct. 12, 2001.

David Maples, Macomb Correctional Facility, New Haven, MI, pro se.

William C. Campbell, Brad H. Beaver, Michigan Department of Attorney General, Habeas Corpus Division, Lansing, MI, for respondent.

### *MEMORANDUM OPINION AND ORDER*

ROBERTS, District Judge.

## I. *Introduction*

Currently pending before the Court is petitioner David Andrew Maples' Application for the Writ of Habeas Corpus under 28 U.S.C. § 2254. In 1993, Petitioner was charged in Macomb County, Michigan with delivery of 50 to 224 grams of cocaine and conspiracy to deliver 50 to 224 grams of cocaine. He moved to dismiss the charges on the grounds that he was entrapped and that the State's 180–day speedy trial rule was violated. The trial court denied both motions.

On September 22, 1995, Petitioner pleaded guilty in Macomb County Circuit Court to delivery of 50 to 224 grams of cocaine. *See* Mich. Comp. Laws § 333.7401(1) and (2)(a)(iii). In return, the prosecutor dismissed the conspiracy charge. The trial court sentenced Petitioner to imprisonment for a minimum of ten years and a maximum of twenty years with credit for 335 days.

On appeal, Petitioner alleged through counsel that the trial court's denial of his entrapment motion was clearly erroneous and that the trial court erred in not finding substantial and compelling reasons for departing below the mandatory minimum sentence. In a *pro se* supplemental brief, Petitioner argued that the trial court's denial of his speedy trial motion was clearly erroneous, that the prosecutor and judge relied on an unconstitutional statute to convict him, and that his trial attorney had engaged in the unauthorized practice of law. The Michigan Court of Appeals affirmed Petitioner's conviction in an unpublished *per curiam* opinion. *See People v. Maples,* No. 196975 (Mich.Ct.App. Nov. 4, 1997). The Michigan Supreme Court denied leave to appeal. *See People v. Maples,* 459 Mich. 867, 584 N.W.2d 738 (1998).

On or about February 1, 1999, Petitioner filed a motion for relief from judgment in which he presented the following issues:

1. whether he was entitled to the retroactive application of 1998 PA 317, which established sentencing guidelines for crimes committed on or after January 1, 1999;

2. whether his sentence was invalid as a matter of law and violated his constitutional guarantees of equal protection and prohibition from cruel and unusual punishment;

3. whether trial counsel's performance was deficient and "cause" for the procedural default;

4. whether appellate counsel's performance was deficient and "cause" for the procedural default;

5. whether the trial judge impeded counsel's ability to comply with the state procedural requirement and whether the impediment established sufficient cause to excuse the default on appeal; and

6. whether he had established a cognizable claim of actual innocence, allowing him to pass through the gateway of collateral relief.

The trial court denied Petitioner's post-conviction motion after concluding that Petitioner's sentencing arguments lacked merit and that the court was bound by the state appellate court's holding on Petitioner's speedy trial claim. The trial court concluded that Petitioner's other claims should have been raised on appeal, were lacking in merit, and were belied by the record.

Petitioner presented the following issues on appeal from the trial court's decision:

1. whether the trial court erred in determining that the new procedural provisions enumerated in 1998 PA 317 apply prospectively and whether the sentence is "unusual" in light of those changes; and

2. whether the court erred in determining that his plea was tendered knowingly, voluntarily, and intelligently pursuant to the Constitutional guarantees of due process of law.

The Michigan Court of Appeals denied leave to appeal "for failure to meet the burden of establishing entitlement to relief under MCR 6.508." *People v. Maples,* No. 218838 (Mich.Ct.App. Oct. 21, 1999). Petitioner applied for leave to appeal the court's decision. However, the clerk of the Michigan Supreme Court rejected his application on December 17, 1999, because it was not filed within fifty-six days of the lower court's order, as required by M.C.R. 7.302(C)(3).

Petitioner filed his Habeas Corpus Petition on April 11, 2000. The issues appear to be:

1. whether the trial court's denial of Petitioner's entrapment motion was clearly erroneous;

2. whether the trial court erred in denying Petitioner's speedy trial motion;

3. whether the prosecution and judge used an unconstitutional statute to charge and sentence Petitioner;

4. whether the passage of House Bill 4698 violated the "more than one object" prohibition of the Michigan Constitution;

5. whether Petitioner's trial attorney engaged in the unauthorized practice of law in violation of state law;

6. whether the court of appeals erred in concluding that a retroactive change in the law was not applicable to Petitioner and that Petitioner's claim was procedurally barred; and

7. whether the court of appeals erred in determining that Petitioner's allegation concerning the plea was not cognizable under the miscarriage-of-justice exception.

Respondent contends that Petitioner's first five claims present only questions of state law that cannot form the basis for granting habeas relief. Respondent alleges that Petitioner's last two claims are barred by his procedural default of failing to present the issues to the Michigan Supreme Court in a timely manner and his inability to do so now.

## II. *Discussion*

### A. *Entrapment Issue*

■ Petitioner's first claim is that the trial court erred in denying his motion to dismiss the charges on the ground that he

was entrapped. According to Petitioner, a police informant arranged the drug transaction so that the police could make an arrest and the informant could benefit from his cooperation with the police. Petitioner contends that the police had no reason to believe that he was involved in the sale of drugs. The Michigan Court of Appeals adjudicated Petitioner's claim on the merits by stating that the trial court did not clearly err when it determined that Petitioner failed to show entrapment.

 Federal habeas courts may grant the writ of habeas corpus only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3) and 2254(a). Entrapment is not a constitutional defense. *Hampton v. United States,* 425 U.S. 484, 490–91, 96 S.Ct. 1646, 48 L.Ed.2d 113 (1976); *United States v. Russell,* 411 U.S. 423, 430, 433, 93 S.Ct. 1637, 36 L.Ed.2d 366 (1973).[1] Moreover, a voluntary and intelligent guilty plea waives all nonjurisdictional defects and defenses that the defendant could have asserted at trial, including the affirmative defense of entrapment. *United States v. Nunez,* 958 F.2d 196, 200 (7th Cir.1992); *Peoples v. United States,* 412 F.2d 5, 7 (8th Cir.1969). "A plea may be involuntary if the defendant does not understand the nature of the constitutional rights he is waiving, or unintelligent if the defendant does not understand the charges against him." *United States v. Ormsby,* 252 F.3d 844, 849 (6th Cir.2001) (citing *Henderson v. Morgan,* 426 U.S. 637, 645 n. 13, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976)).

Petitioner alleged at his plea that his attorney had explained the nature of the charge to him and that he understood the constitutional rights he was waiving. He also claimed to understand the mandatory minimum sentence and the maximum possible sentence. He assured the trial court that he was pleading guilty freely and voluntarily because he was guilty and because it was his choice to plead guilty.

The guilty plea appears to have been voluntary and intelligent. Therefore, Petitioner has waived habeas review of his entrapment claim.

### B. *Speedy Trial Claim*

Petitioner's second claim is that the trial court erred in rejecting his speedy trial claim. The Michigan Court of Appeals adjudicated Petitioner's claim on the merits and concluded that Petitioner's unconditional guilty plea waived review of his speedy trial claim and related ineffective-assistance-of-counsel claims.

 The same principle is true on habeas corpus review. As explained by the Supreme Court,

[a] plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence. Accordingly, when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary. If the answer is in the affirmative then the conviction and the plea, as a general rule, foreclose the collateral attack. There are exceptions where on the face of the record the court had no power to enter the conviction and impose the sentence.

*United States v. Broce,* 488 U.S. 563, 569, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989); *see*

---

1. The Supreme Court, however, has acknowledged that some day it may "be presented with a situation in which the conduct of law enforcement agents is so outrageous that due process principles would absolutely bar the government from invoking judicial processes to obtain a conviction." *Russell,* 411 U.S. at 431–32, 93 S.Ct. 1637.

*also Tollett v. Henderson,* 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). Simply stated, "[a] voluntary and unconditional guilty plea waives all nonjurisdictional defects in the proceedings," *Ormsby,* 252 F.3d at 848, and "[t]he right to a speedy trial has repeatedly been held to be nonjurisdictional. . . ." *United States v. Yunis,* 723 F.2d 795, 796 (11th Cir.1984).

■ Petitioner was represented by counsel at his plea, and he indicated that his plea was voluntary and intelligent. Although his attorney asserted that the plea did not waive Petitioner's right to raise his speedy trial claim on appeal, the trial court stated that it could not comment on that issue. The plea was not conditioned on Petitioner's right to appeal the speedy trial issue.

Therefore, Petitioner's guilty plea forecloses habeas review of his speedy trial claim. Alternatively, the state court's conclusion was not contrary to, or an unreasonable application of, Supreme Court precedent. 28 U.S.C. § 2254(d).

## C. *Alleged Unconstitutional Statutes and Unconstitutional Practice of the Law*

■ Petitioner's third and fourth claims allege that the statute under which he was charged and convicted violates the Michigan Constitution. More specifically, Petitioner alleges that: (1) the Michigan Supreme Court's decision in *People v. Bullock,* 440 Mich. 15, 485 N.W.2d 866 (1992), invalidated portions of the statute;[2] and (2) amendments to the statute violate the "more than one object" provi

sion of the Michigan Constitution.[3] Petitioner's fifth claim is that his court-appointed trial attorney was not licensed to practice law.

■ As previously explained, federal courts may grant the writ of habeas corpus only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3) and 2254(a). A perceived error of state law is not a basis for granting habeas corpus relief. *Pulley v. Harris,* 465 U.S. 37, 41, 104 S.Ct. 871, 79 L.Ed.2d 29 (1984); *Austin v. Jackson,* 213 F.3d 298, 300 (6th Cir.2000). Accordingly, claims three through five, which allege mere violations of state law are not cognizable here.

Moreover, as the Michigan Court of Appeals explained, *Bullock* did not invalidate any provision of Mich. Comp. Laws § 333.7401, and any unconstitutional amendment of a statute would invalidate the amended provision, not the entire statute. *Maples,* No. 196975, at 2. Petitioner's claim about defense counsel lacks merit because the attorney was licensed to practice law in this State by virtue of his membership in the State Bar of Michigan. *Id.*

## D. *The State Court's Application of State Law*

Petitioner's sixth claim is that the state court erred when it concluded that he was not entitled to retroactive application of sentencing guidelines enacted in 1998. His seventh claim is that the state courts erred when they determined that his challenge to the guilty plea (on the ground that

---

**2.** The Michigan Supreme Court held in *Bullock* that a mandatory sentence of life imprisonment without the possibility of parole for possession of 650 grams or more of cocaine violated the state constitutional ban against "cruel or unusual" punishments. The supreme court determined that the appropriate

remedy was to strike down the "no-parole" provision of the penalty.

**3.** The clause in question states that "[n]o law shall embrace more than one object, which shall be expressed in its title." Mich. Const. 1963, art. 4, § 24.

the plea was not voluntary and intelligent because the prosecutor intimidated a key defense witness) was procedurally barred from review.

Respondent argues that the two claims are procedurally defaulted because Petitioner failed to raise the claims in the Michigan Supreme Court and he is unable to raise them in the supreme court now.[4] Petitioner, on the other hand, alleges that state officials prevented him from mailing his application to the supreme court on time and that this state-created impediment is "cause" for his procedural default.

■ Even assuming that Petitioner has established cause for his procedural default and resulting prejudice, the claims do not warrant granting the writ. Petitioner's sixth claim has no merit because a state court's decision to limit the retroactivity of state laws does not violate the Constitution. *Wainwright v. Stone*, 414 U.S. 21, 23–24, 94 S.Ct. 190, 38 L.Ed.2d 179 (1973); *Great Northern Railway Co. v. Sunburst Oil & Refining Co.*, 287 U.S. 358, 364, 53 S.Ct. 145, 77 L.Ed. 360 (1932); *Bowen v. Foltz*, 763 F.2d 191, 193–94 (6th Cir.1985).

■ Petitioner's seventh claim has no merit because there was an adequate and independent ground for the state courts to conclude that Petitioner should have raised his claim on direct appeal and that he had not established entitlement to relief under state law. *See* M.C.R. 6.508(D)(3) (stating that a state court may not grant relief if a defendant's motion for relief from judgment "alleges grounds for relief, other than jurisdictional defects, which could have been raised on appeal from the conviction and sentence ... unless the defendant demonstrates (a) good cause for failure to raise such grounds on appeal or in the prior motion, and (b) actual prejudice from the alleged irregularities that support the claim for relief"). Petitioner's underlying claim concerning the voluntary and intelligent nature of his plea is belied by the record. As the trial court pointed out on review of Petitioner's post-conviction motion, Petitioner stated at the plea proceeding that he understood the ramifications of his plea and that he was pleading guilty voluntarily. He did not express any concerns, and he acknowledged that he participated in the delivery of cocaine, knowing that it was cocaine and that it was going to be sold by his co-defendant to a third party. The state court's conclusion did not result in a decision that was contrary to clearly established federal law, an unreasonable application of Supreme Court precedent, or an unreasonable determination of the facts. 28 U.S.C. § 2254(d).

### III. *Conclusion*

Petitioner's claims are waived, not cognizable on habeas review, or lacking in mer-

---

4. As recently explained by the Sixth Circuit,

 Where a petitioner has not fully and fairly presented a federal claim to the state's highest court or when state courts have held that consideration of petitioner's claim is barred due to the procedural default in state court, a federal court ordinarily will not consider the merits of that claim unless the petitioner can show cause to excuse his failure to present the claims appropriately in state court, and actual prejudice as a result. The one exception to this rule is where a petitioner submits new and reliable evidence that a constitutional violation has

 probably resulted in the conviction of an innocent individual. In cases involving probable innocence, courts address the merits of the defaulted claim to avoid a fundamental miscarriage of justice.

 *Stanford v. Parker*, 266 F.3d 442, 451 (6th Cir.2001) (citing *Coleman v. Thompson*, 501 U.S. 722, 750–51, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *Teague v. Lane*, 489 U.S. 288, 298–99, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989); and *Schlup v. Delo*, 513 U.S. 298, 317–23, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995)).

it. Accordingly, the Application for the Writ of Habeas Corpus is **DENIED**.