**UNITED STATES of America, Plaintiff–Appellee,**

v.

**John Charles WOOD, Defendant–Appellant.**

No. 01–2461.

United States Court of Appeals, Sixth Circuit.

Dec. 6, 2002.

Before RYAN, CLAY, and GIBBONS, Circuit Judges.

*ORDER*

This is a direct appeal from a criminal conviction in which counsel for the defendant moves to withdraw representation. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On March 15, 2001, a federal grand jury named John Charles Wood in a three-count indictment in connection with the unlawful possession of a firearm and ammunition, and for making threats against employees of a Veterans Administration hospital. Wood eventually entered into an oral agreement to plead guilty to the firearm possession count. The district court thereafter found Wood guilty of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and sentenced him to a seventy-two month term of imprisonment with a two year term of supervised release. This appeal followed.

Counsel for Wood filed a motion to withdraw from this appeal and filed a "no merit" brief pursuant to Rule 101(f), Rules of the Sixth Circuit and *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Wood was served with this motion and a copy of the brief and he did file a brief in his own behalf.

Wood was indicted for being a felon in possession of a firearm, a felon in possession of live ammunition and for allegedly threatening physicians at a Veterans Administration (VA) hospital in retaliation for their having performed their duties. The parties negotiated until the morning of the scheduled trial, when the jury had been summoned, when they reached a plea agreement.

The parties articulated the terms of the agreement in open court as a part of the Criminal Rule 11 colloquy. The essential elements of the agreement were as follows: Wood was to plead guilty to being a felon in possession of a firearm, but the guideline sentencing range for this count was not to be increased by referring to any conduct involving the alleged threats directed to VA doctors, a potential four level enhancement. The government, for its part, would recommend the dismissal of the remaining two counts of the indictment at sentencing.

The district court engaged Wood in the Criminal Rule 11(c) colloquy after the terms of the agreement were set out. The district court established that Wood had the capacity to offer the plea, that Wood was aware of the constitutional rights he was forfeiting by offering his plea, and that Wood knew the maximum penalties to which he would be exposing himself. The court elicited from Wood the factual basis for the plea and accepted the plea but reserved acceptance of the agreement until the completion of the pre-sentence report.

The parties met for sentencing after the preparation of the pre-sentence report. The district court rejected the government's objection to the recommendation contained in the pre-sentence report and counsel for Wood did not raise any general objections when given the chance to do so. The court announced its final sentencing decision, that is, Wood would be assessed a total offense level of twenty-one with a criminal history of V, and Wood's counsel again declined to offer any objections. The court entertained comments from Wood and counsel, considered whether Wood could pay a fine, and proceeded to sentence him to a term of imprisonment (72 months) at the low end of the guideline range (70–87 months.). The government moved to dismiss the remaining counts of the indictment, a motion that the court granted, and the proceedings ended.

On appeal, counsel for Wood submitted a thorough review of the record and law and concluded that there were no none frivolous issues for appeal. Counsel nevertheless set out five arguable issues in furtherance of his duty under *Anders.*

Two of the issues go the validity of the plea agreement and the plea itself. A comparison of the plea transcript with Criminal Rule 11, as outlined above, reflects the district court's painstaking efforts to nail down the terms of the oral agreement, to ensure substantial compliance with the dictates of Rule 11 and to provide Wood with a meaningful dialogue in this context. These arguable issues lack merit.

Counsel questions, in a third issue, whether Wood was actually innocent as he had received a full pardon for an antecedent felony conviction from the State of Oklahoma. Wood may not now raise this issue after having entered a non-conditional plea. Wood could have entered a conditional plea of guilty and reserved the right to appeal on this issue, under Fed. R.Crim.P. 11(a)(2), but he did not. This being the case, he may not now challenge the validity of an underlying felony conviction, as "[a] voluntary and unconditional guilty plea waives all non-jurisdictional defects in the proceedings." *United States v. Ormsby,* 252 F.3d 844, 848 (6th Cir.2001); *see also Tollett v. Henderson,* 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea[.]")

Counsel argues that Wood's sentence may have been improperly calculated without offering any support for this issue. Neither Wood nor his counsel made any objections to his sentence. "A defendant waives the right to appeal an application of the Sentencing Guidelines when he fails to object in the trial court." *United States v. Ukomadu,* 236 F.3d 333, 340 (6th Cir. 2001).

Counsel's final arguable issue is whether the government violated the terms of the plea agreement by arguing that Wood should not be given credit for accepting responsibility for his crime. A review of the terms of the oral agreement, however, shows that the parties did not contemplate any such restriction on the government and counsel concedes as much. The arguable issues posed by counsel lack merit.

Wood questions whether his sentence was marred by impermissible "double counting" and whether he should have his case remanded for the district court to consider the effect of Wood's (alleged) post-traumatic stress syndrome. Wood appended an excerpt of his pre-sentence report to his brief ("Exhibit 1") to illustrate the purported "double counting." An examination of this excerpt shows that Wood is referring to different state court convictions imposed almost four years apart for some similar offenses. Wood does not cite this court to any persuasive authority for his claim that these distinct offenses and punishments should only count as one conviction for sentencing purposes and no authority has been located. Finally, Wood did not register any objection to the district court's failure to take his alleged post-traumatic stress syndrome into account at sentencing. He is therefore estopped from arguing this claim on appeal. *Ukomadu,* 236 F.3d at 340. This appeal lacks merit.

Accordingly, the motion to withdraw representation is granted and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.