**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jose ALARCON–LONGARES,
Defendant–Appellant.**

**No. 02–3982.**

United States Court of Appeals,
Sixth Circuit.

March 7, 2003.

Before NELSON, COLE, and GILMAN, Circuit Judges.

### ORDER

This is a direct appeal from a judgment and commitment order in a criminal prosecution in which counsel for the defendant moves to withdraw representation. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2002, Mexican national Jose Alarcon–Longares was named in an information as being an alien who was unlawfully in the United States. Alarcon–Longares subsequently entered into a plea agreement with the assistance of appointed counsel and the district court found Alarcon–Longares guilty of being an alien in the United States after having previously been deported, in violation of 8 U.S.C. § 1326(a). The court sentenced Alarcon–Longares to a twenty-four month term of imprisonment and a one year period of supervised release. This appeal followed.

Counsel for Alarcon–Longares filed a motion to withdraw from this appeal and a "no merit" brief pursuant to Rule 101(f), Rules of the Sixth Circuit and *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Alarcon–Longares was served with the motion and brief and was invited to respond. *see Freels v. Hills,* 843 F.2d 958, 961 & n. 3 (6th Cir.1988), although he did not do so.

On December 12, 2001, Alarcon–Longares was arrested by an Ohio traffic officer for speeding and alcohol related violations. Ohio officials contacted the Immigration and Naturalization Service (the "INS") the next day and learned that Mexican national Alarcon–Longares did not have permission to be in the United States. Specifically, Alarcon–Longares had been deported in 1992, 1994 and 1995, and had never been granted leave to re-enter the United States. Alarcon–Longares admitted to these facts and he was subsequently prosecuted in federal court on a one-count information.

The court appointed counsel for Alarcon–Longares and the parties entered into a non-binding plea agreement. The highlights of the agreement included setting the maximum penalty facing Alarcon–Longares at a two-year term of imprison-

ment, a fine not to exceed $250,000, and a one-year period of supervised release. Counsel for the government agreed that Alarcon–Longares would be eligible for a reduction in his base offense level in recognition of his having accepted responsibility for his acts, and Alarcon–Longares agreed not to contest the issue of his deportation or to demand the formal procedures that usually accompany such a determination.

The parties and an interpreter appeared before the district court for a Criminal Rule 11 plea colloquy. Counsel for the government recited the terms of the agreement, as well as the information, for the court. The court then inquired of Alarcon–Longares as to his capacity to enter the plea, his understanding of the rights he would be waiving by offering the plea, and his willingness to offer the plea voluntarily. The court explained the elements of the crime charged and found that the unchallenged testimony of an INS agent established the factual basis for the plea. The court accepted the plea and set the matter over for sentencing.

The parties met for sentencing after preparation of a pre-sentence report. The district court accepted the report and recommendations when neither party registered any objections to the findings or recommendations contained therein. The court permitted Alarcon–Longares and his counsel to speak and read into the record a letter to the court from Alarcon–Longares. The court proceeded to impose the sentence of record as agreed to by the parties.

On appeal, counsel for Alarcon–Longares sets out the history of the case in great detail, discusses the various legal aspects of the prosecution, and concludes that there are no meritorious grounds for appeal. The record and law support this characterization of the appeal. The charging document mirrors the statute of con-

viction and there is no question as to venue. The district court faithfully adhered to Criminal Rule 11 in conducting the plea colloquy. The court ascertained that Alarcon–Longares was competent to offer the plea, that he understood the charge against him, that he was aware of the constitutional protections he was waiving by offering the plea, and that there was a factual basis for the plea. There are no plea-related errors apparent and "[a] voluntary and unconditional guilty plea waives all non-jurisdictional defects in the proceedings." *United States v. Ormsby*, 252 F.3d 844, 848 (6th Cir.2001); *see also Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). A review of the sentence meted out and the transcript of proceedings shows that the court imposed the punishment as contemplated in the plea agreement and that there were no contemporaneous objections to any aspect of the sentencing. "A defendant waives the right to appeal an application of the Sentencing Guidelines when he fails to object in the trial court." *United States v. Ukomadu*, 236 F.3d 333, 340 (6th Cir.2001). There are no other errors alleged or apparent. This appeal lacks merit.

Accordingly, the motion to withdraw representation is granted and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.