**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Michael L. WEST, Defendant–**
**Appellant.**

**No. 02–4132.**

United States Court of Appeals,
Sixth Circuit.

April 1, 2003.

Before DAUGHTREY and GIBBONS, Circuit Judges; and MILLS, District Judge.*

### ORDER

This is a direct appeal from a judgment and commitment order in a criminal prosecution. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2002, Michael L. West was indicted on one count of illegally possessing firearms. West was provided counsel and agreed to plead guilty to the indictment. The district court thereafter found West guilty of illegally possessing firearms, in violation of 18 U.S.C. § 922(g)(9). The court sentenced West to a twenty-eight month term of imprisonment and a three year period of supervised release. Counsel for West filed a motion to withdraw from this appeal and filed a "no merit"

---

* The Honorable Richard Mills, United States District Judge for the Central District of Illinois, sitting by designation.

brief pursuant to Rule 101(f), Rules of the Sixth Circuit and *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). West was served with this motion and a copy of the brief and was invited to respond, but he did not do so.

On January 12, 2001, West was convicted in Franklin County [Ohio] Municipal Court of misdemeanor domestic violence on the complaint of his wife, Sherri Starr West. West's sentence included a term of incarceration and a three year period of probation. One of the conditions of probation was that he was not to possess any firearms. On September 28, 2001, West admitted to his probation officer that he had a loaded, operable pistol in his bed under his pillow. Officers found the pistol during a search of West's residence and found another fourteen firearms in the attic space above West's bedroom closet. West contended that the firearms in the attic were collector's items and were inherited from his father, along with the house, in 1995.

A federal grand jury thereafter indicted West on one count of 18 U.S.C. § 922(g)(9), the prohibition of firearm possession by an individual who has been convicted in any court of a misdemeanor crime of domestic violence. West subsequently entered into an agreement, with the advice of appointed counsel, to plead guilty to the indictment. The government agreed not to file any additional charges against West stemming from the same conduct and agreed not to oppose any sentence reduction under USSG § 3E1.1 in recognition of West's acceptance of responsibility. The government did not commit to taking a "no position" stance concerning West's ultimate sentence and West acknowledged that the court was not bound to accept any of the terms of the agreement.

The parties appeared before the district court for the entry of the plea. The court conducted a thorough initial examination of West, satisfying itself as to West's mental capacity to offer the plea and his willingness to do so voluntarily. The court then engaged West in a Criminal Rule 11 colloquy in which the court explained to West the various constitutional rights and protections he was waiving by offering his plea. Counsel for the government accurately summarized the terms of the plea agreement for the court; nowhere in these terms did counsel commit to take a "no position" stance at sentencing. The court related to West the elements of the charge and found a sufficient factual basis for the plea. Finally, the court accepted the plea and set the matter for sentencing pending completion of a pre-sentence report.

The parties met for sentencing and counsel for West registered his only substantive objection to the pre-sentence report, namely, counsel asked the district court to find that West merited a downward departure in his base offense level as the number of "collectible" firearms took the case out of the guideline heartland. The district court heard testimony and arguments on the issue, then concluded that, although it possessed the discretion to effect a downward departure, the court was not going to do so. The district court then permitted West's estranged wife to offer a statement, over West's objections, in which she detailed West's abusive behavior and how he integrated handguns into that behavior. The court imposed the twenty-eight month prison term of record, a punishment well within the ten-year statutory maximum and the guideline range, and this appeal followed.

The first arguable issue posed by West's counsel on appeal is the general constitutionality of the conviction and sentence. Counsel raises this concern but the language of the indictment tracks that of the statute of conviction, there was no question

about the venue and West's guilty plea means that all possible non-jurisdictional, pre-plea errors have been waived. *United States v. Ormsby,* 252 F.3d 844, 848 (6th Cir.2001); *see also Tollett v. Henderson,* 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). A review of the plea transcript shows that the district court scrupulously adhered to the dictates of Criminal Rule 11 in taking the plea and ascertaining the factual basis for the charge. Whether a guilty plea was knowing and voluntary is determined by the totality of the circumstances. *See Berry v. Mintzes,* 726 F.2d 1142, 1149 (6th Cir. 1984). There is no indication that West's plea was made without his knowledge and cooperation. West did not register any reservations or concerns about his plea during the plea colloquy, the sentencing hearing, or in response to his appellate counsel's request to withdraw and "no merit" letter.

The second issue presented for consideration is whether the district court erred in failing to effect a downward departure. Counsel acknowledges, as noted above, that the district court was aware of its discretion to grant the departure but declined to do so. In this circumstance, a claim that a court did not effect a downward departure, is generally not cognizable on appeal as a matter of law. *See, e.g., United States v. Griffith,* 17 F.3d 865, 882 (6th Cir.1994).

The third arguable issue for this court's consideration is whether the district court erred in permitting West's estranged wife to offer a statement at sentencing. Section 1B1.3(a)(2) of the guidelines allows a sentencing court to consider all acts that "were part of the same course of conduct or common scheme or plan as the offense of conviction." The court is given wide discretion in what it may consider as relevant in this context. "No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661. *See also United States v. Watts,* 519 U.S. 148, 150, 117 S.Ct. 633, 136 L.Ed.2d 554 (1997) (holding that a court may consider any conduct, even that which does not result in a conviction, in determining a sentence under § 1B1.3); *United States v. Hough,* 276 F.3d 884 (6th Cir.2002) (sentencing court could properly consider behavior of defendant when he was a juvenile in fashioning punishment for separate, adult criminal conduct.) This appeal lacks merit.

Accordingly, the motion to withdraw representation is granted and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.