NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0645n.06

No. 14-3327

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Sep 17, 2015
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO |
| | ) | |
| JAMES GIBSON, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Before: GUY, MOORE, and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge. James Gibson pled guilty to four counts of credit-card fraud in violation of 18 U.S.C. § 1029. Now he appeals the district court's denial of his motion to suppress evidence of his guilt. He also argues that he received ineffective assistance of counsel in the course of pleading guilty. We affirm.

I.

In December 2012, Gibson flew from Florida to Cleveland to meet with Lansford Beuns. After checking into a local hotel, the pair set to work making counterfeit credit cards. Beuns supplied an embosser and a magnetic-strip encoder; Gibson supplied a batch of stolen credit-card numbers. Gibson and Beuns then charged thousands of dollars to these accounts at clothing and electronics stores around Cleveland.

Their shopping trip ended when officer Michael Gerardi pulled over Beuns's SUV for a traffic violation. Gerardi wrote Beuns a ticket, ran a criminal-history check, and brought out his police dog, Bishk'e, to perform a drug sniff on the car. Bishk'e alerted to the presence of drugs.

Gerardi and several other officers then searched the vehicle, finding a stack of counterfeit cards and bags of recently purchased merchandise. The officers arrested Gibson and Beuns for credit-card fraud. The Secret Service used the evidence seized from Beuns's car to obtain a search warrant for Gibson's and Beuns's hotel rooms. There they seized a credit-card embosser and other counterfeiting tools.

A grand jury indicted Gibson on four counts of access-device fraud, conspiracy to commit access-device fraud, and aiding and abetting access-device fraud, in violation of 18 U.S.C. § 1029 and 18 U.S.C. § 2. Gibson moved to suppress all of the government's evidence, arguing that Gerardi lacked probable cause to search Beuns's car. The district court denied the suppression motion. Gibson pled guilty and entered into a civil-forfeiture agreement with the government. The agreement stipulated that, "[s]hould all of defendant Gibson's convictions be reversed on appeal and finally dismissed, the United States will return to defendant Gibson the properties forfeited under this Agreement[.]" The district court then sentenced Gibson to 18 months' imprisonment, and this appeal followed.

II.

A.

Gibson asks that we review the district court's suppression ruling and reverse his convictions. But Gibson pled guilty unconditionally, without reserving the right to appeal the denial of his suppression motion. And "a voluntary and unconditional guilty plea bars any subsequent non-jurisdictional attack on the conviction." *United States v. Corp*, 668 F.3d 379, 384 (6th Cir. 2012) (internal quotation marks omitted). We therefore cannot consider Gibson's Fourth Amendment claim. *See United States v. Ferguson*, 669 F.3d 756, 763-64 (6th Cir. 2012).

Gibson seeks to evade this rule by asserting that his civil-forfeiture agreement reflects an understanding among the parties that Gibson's plea was conditioned on his ability to appeal the denial of his suppression motion. But a civil-forfeiture agreement is the wrong place to preserve an issue for criminal appeal. Under Rule 11, defendants have a duty to preserve issues "collateral to the determination of guilt or innocence" by specifying those issues "in the plea itself." *United States v. Ormsby*, 252 F.3d 844, 848 (6th Cir. 2001) (internal quotation marks omitted). Here, Gibson did not preserve any issue for appeal in the course of making his guilty plea. Moreover, Gibson's forfeiture agreement resolved only an *in rem* civil case against Gibson's property, which is distinct from the government's criminal case against Gibson himself. *See United States v. Ursery*, 518 U.S. 267, 278-79 (1996). Gibson could have preserved his Fourth Amendment claim only through a plea agreement—not an agreement concerning a parallel case.

Gibson responds that our decision in *United States v. Mastromatteo*, 538 F.3d 535 (6th Cir. 2008), instructs otherwise. But that case only shows that a defendant may preserve an issue for appeal through an oral agreement at his plea hearing. In *Mastromatteo*, defense counsel told the court during the plea colloquy that his client "want[ed] to preserve his appeal rights in this matter as regards the . . . search and seizure issue." *Mastromatteo*, 538 F.3d at 541. The government and the court accepted his reservation on the record. *See id.* Although this agreement was not in writing, we held that the defendant validly entered a conditional plea by preserving the appeal of "a specified pretrial motion." Fed. R. Crim. P. 11(a)(2); *see Mastromatteo*, 538 F.3d at 543-44; *see also* Fed. R. Crim. P. 11(h). Unlike the oral reservation in *Mastromatteo*, however, Gibson's forfeiture agreement does not refer to a particular issue on appeal. Rather, it refers generally to the possibility of an appeal. Because the agreement does

not address Gibson's suppression motion specifically, Gibson waived his Fourth Amendment claim when he entered his guilty plea. *See United States v. Napier*, 233 F.3d 394, 399 (6th Cir. 2000).

B.

Gibson argues in the alternative that his trial counsel's failure to preserve his Fourth Amendment claims through a conditional plea violated his Sixth Amendment right to effective counsel. As a general rule, however, "a defendant may not raise ineffective assistance of counsel claims for the first time on direct appeal[.]" *Ferguson*, 669 F.3d at 762. Instead, a defendant normally should raise those claims in a petition brought under 28 U.S.C. § 2255. *See Massaro v. United States*, 538 U.S. 500, 504-05 (2003). Here, as in *Ferguson*, we have "scant information in the record to illuminate whether it might have been sound strategy for defense counsel to allow [Gibson] to enter an unconditional plea." 669 F.3d at 763. We therefore decline to address Gibson's ineffective-assistance claim in this appeal.

The district court's judgment is affirmed.