**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0493n.06

**No. 10-5613**

| | |
|---|---|
| **UNITED STATES COURT OF APPEALS** **FOR THE SIXTH CIRCUIT** | **FILED** **May 14, 2012** LEONARD GREEN, Clerk |

UNITED STATES OF AMERICA, )
)
    Plaintiff-Appellee, )
) ON APPEAL FROM THE
v. ) UNITED STATES DISTRICT
) COURT FOR THE WESTERN
MICHAEL R. LEMONS, ) DISTRICT OF TENNESSEE
)
    Defendant-Appellant, )

Before:     BOGGS and WHITE, Circuit Judges; and BERTELSMAN, District Judge.[*]

BOGGS, Circuit Judge. Michael Lemons appeals his 180-month sentence, imposed on his guilty plea of being a felon in possession of a firearm. He raises two issues on appeal. First, he urges this court to adopt a new doctrine of "partial entrapment by estoppel" to avoid application of the fifteen-year mandatory-minimum sentence under the Armed Career Criminal Act. Second, he argues that his sentence violates the Eighth Amendment, is grossly disproportionate to the crime, and its imposition constituted plain error. Both of these claims are without merit, and we affirm.

**I**

Michael Lemons, a convicted felon, bought a rifle from his long-time friend Joseph Capps for $80. Capps—who worked as a jailer at the Madison County, Tennessee, jail, and later became

---

[*]The Honorable William O. Bertelsman, United States District Judge for the Eastern District of Kentucky, sitting by designation.

a Madison County Sheriff's Office patrol deputy—knew Lemons was a convicted felon. Capps

reassured Lemons, who was hesitant to buy the rifle, that it was legal for convicted felons to own a

long gun. After the sale, the police discovered the rifle in Lemons's home. Lemons was indicted

in the United States District Court for the Western District of Tennessee for being a felon in

possession of a firearm. He pled guilty without a plea agreement.

At a first sentencing hearing, Lemons objected to his classification as an Armed Career

Criminal under the Armed Career Criminal Act, 18 U.S.C. § 924(e). The district court sentenced

Lemons to 150 months of imprisonment—thirty months below the statutory mandatory minimum

of 180 months under the Armed Career Criminal Act. However, the court did not enter a final

judgment. A week later—after the United States objected to the sentence—the court held a second

sentencing hearing. The court reversed its previous decision, finding that Lemons was an Armed

Career Criminal pursuant to 18 U.S.C. § 924(e), and that the 180-month statutory minimum therefore

applied:

> But based upon the court's review of the law in this area and determination that Mr.
> Lemons did qualify as an armed career criminal, that the sentence in this case,
> because of that finding, enhanced his sentence to a term of not less than fifteen years.
> Of course, that would be basically a restricted range of 180 months . . . . But with all
> of that said and with all of my determination otherwise, I am constrained, I believe,
> by the statute that the court finds that Mr. Lemons is subject to, and I think I have no
> other choice but to sentence him, basically, again and reimpose what is the
> mandatory minimum sentence of 180 months in this case. I don't do that with any
> satisfaction, but I'm afraid that's what I'm going to have to do in this case.

Lemons's counsel then noted that "we're heading to Cincinnati either way on [these] other issues,"

and raised the argument of entrapment to "preserve this and note it for the record." Lemons's

counsel argued that the court should "consider a below-statutory sentence based upon at least partial

entrapment in the transaction itself." *Ibid.* Counsel's relevant argument—which is important to determine whether the error was preserved, and the appropriate standard of review—is as follows:

> I do want to offer that as another—not an objection, if you will, but as another statutory ground that we would request the court to consider a below-statutory sentence in light of what we offer is the seller in this case, a law enforcement member . . . gave him a belief or allowed him to have a belief or security in the transaction that ultimately turned out to be incorrect, at least under federal law at the time. So we're asking Your Honor to consider a below-statutory sentence based upon at least partial entrapment in the transaction itself. But again, I have no authority to offer. I'm raising that to preserve that for the record.

For an offer of proof for the alleged entrapment, Counsel submitted Lemons's sworn statement to the police on June 2, 2008, and Capps's signed statement that he sold the gun to Lemons. The United States did not respond directly to Lemons's argument. The district court expressed sympathy with Lemons's position, but overruled the objection, and sentenced him to 180 months in prison.

**II**

**A**

In the Sixth Circuit, the defense of estoppel by entrapment is unavailable when a state or local law enforcement official tells a defendant that an act is legal, and the federal government prosecutes the crime. *United States v. Ormsby*, 252 F.3d 844, 850-851 (6th Cir. 2001). One sovereign cannot be prosecutorially estopped by an entrapment by another sovereign. Such is the case here where Mr. Capps, a local law enforcement official, told Mr. Lemons that convicted felons could possess long guns, and the United States was the sovereign that prosecuted the offense.

Lemons urges that this court adopt an alternative defense that he calls "partial entrapment by estoppel."[1] Succinctly stated, "partial entrapment [] presume[s] an exception to the mandatory minimum provision" of the Armed Career Criminal Act when "the only thing standing between the defendant and a full entrapment by estoppel defense is the fact that it was a state police officer that authorized the conduct." More specifically, "when an individual cannot make out a complete entrapment by estoppel defense due to the fact that he got his information from a state and not a federal law enforcement officer, that individual will not be subject to the 15 year mandatory minimum of the ACCA."

Lemons argues that patrial entrapment would provide this court with a middle ground between complete dismissal and no relief at all. "Such a middle ground should apply to people in Mr. Lemons's situation who, while they are foreclosed from asserting a complete defense for technical reasons, are still clearly deserving of substantial relief." The "substantial relief" would be a judicially-enforced exception to the mandatory fifteen-year sentence for armed career criminals. Lemons asks this court to presume that Congress intended an exception to the Armed Career Criminal Act in order to avoid the fifteen-year mandatory minimum for defendants with a partial estoppel by entrapment defense, citing *Sorrells v. United States*. 287 U.S. 435, 444-45, 447 (1932) (recognizing the doctrine of entrapment and noting that "[i]t will always, therefore, be presumed that

---

[1] Lemons refers to the doctrine as "entrapment by estoppel." A better description would be "estoppel by entrapment," as Lemons aims to estop the application of the fifteen-year mandatory minimum sentence under the Armed Career Criminal Act due to entrapment. He does not claim that he was entrapped due to some sort of estoppel.

the legislature intended exceptions to [statutory] language which would avoid results of this character.").

**B**

Lemons contends that *de novo* is the appropriate standard of review for his claim asking this court to create a defense to the ACCA of partial estoppel by entrapment. "A matter requiring statutory interpretation is a question of law requiring de novo review." *United States v. Shafer*, 573 F.3d 267, 272 (6th Cir. 2009) (quoting *United States v. Dedman*, 527 F.3d 577, 584-85 (6th Cir. 2008)); *see also United States v. Alkhabaz*, 104 F.3d 1492, 1494 (6th Cir. 1997) ("Because Congress's intent is essentially a question of statutory interpretation, we review the district court's decision de novo.").

The United States counters that the "argument defense counsel presented to the district court is not the same argument defense counsel presents on appeal." Specifically, in the district court Lemons asked the court "to consider a below-statutory sentence based upon at least partial entrapment in the transaction itself." "On appeal, this Court is asked to engage in a statutory interpretation inquiry of the Armed Career Criminal Act." As defendant did not raise this argument at sentencing, the United States posits that the appropriate standard of review is plain error. Further, the United States contends that the district court committed no error, and "the defendant has not raised any claim of error committed by the district court in arriving at the sentence that was imposed." Lemons does not dispute that he "was correctly found to be an Armed Career Criminal" and does not dispute "the constitutionality of the statute by which he was sentenced."

**C**

Under either standard of review, a panel of the Sixth Circuit is unable to provide Lemons the relief he seeks.  As Lemons concedes, this court has held that the estoppel by entrapment defense is unavailable when a state or local law enforcement official makes a representation, and the defendant is subsequently prosecuted by the federal government.

> "This defense arises 'when an authorized government official tells the defendant that certain conduct is legal and the defendant [reasonably] believes the official.'  When this defense is asserted with respect to a federal offense, representations or assurances by state or local officials lack the authority to bind the federal government to an erroneous interpretation of federal law."  *United States v. Ormsby*, 252 F.3d 844, 850-851 (6th Cir. 2001) (*citing United States v. Brebner*, 951 F.2d 1017, 1024 (9th Cir. 1991)); *see also United States v. Hurst*, 951 F.2d 1490, 1499 (6th Cir. 1991) (defendants charged under 18 U.S.C. § 1955 could not rely upon statements by state officials concerning state law to establish defense to federal offense).

Notwithstanding the precedents cited, Lemons argues that "there is no precedent which would stop the Sixth Circuit from mitigating that punishment by carving out an exception to the mandatory minimum of the ACCA."  *Ormsby* would seem to be just such a precedent that expressly forecloses the defense of partial estoppel by entrapment.  Simply calling it *partial* estoppel by entrapment, rather than just estoppel by entrapment, does not change the fact that this argument directly conflicts with this court's precedents.

Lemons cites *United States v. Strickland* for the proposition that "[t]his Court has neither expressly adopted nor disavowed the doctrines of sentencing entrapment or sentencing manipulation." 342 F. App'x 103, 108 (6th Cir. 2009).  *Strickland*—which dealt with "sentencing entrapment"— is tangentially relevant at best.  Strickland alleged sentencing entrapment, arguing that "the Government violated his due process rights because law enforcement agents engaged in

outrageous conduct when they controlled and structured a fictitious drug deal so that the offense would involve more than five kilograms of cocaine, thereby triggering the mandatory sentence of life imprisonment." *Strickland*, 342 F. App'x at 107. "[S]entencing entrapment occurs where outrageous Government conduct overcomes the will of a defendant predisposed to deal only in small quantities of drugs, for the purpose of increasing the amount of drugs and the resulting sentence imposed against that defendant." *Sosa v. Jones*, 389 F.3d 644, 649 (6th Cir. 2004) (quoting *United States v. Williams*, 109 F.3d 502, 512 (8th Cir. 1997) (citations and internal quotation marks omitted)).

Lemons does not, and cannot, argue that the government attempted to manipulate his sentence through overcoming his will, so that he engaged in an offense worse than that which he would have originally engaged in. The mandatory-minimum sentence for being a career offender was triggered when Lemons possessed a firearm as a felon. The United States took no steps to increase his sentence. The doctrine of "sentencing entrapment" has no relevance to Lemons's case.

Even if Lemons's argument had merit, *Ormsby* "remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or this Court sitting en banc overrules the prior decision." *United States v. Yoon*, 398 F.3d 802, 806 (6th Cir. 2005) (quoting *Darrah v. City of Oak Park*, 255 F.3d 301, 309 (6th Cir. 2001)). Lemons has not pointed to any inconsistent decisions of the United States Supreme Court that would permit a panel of this court to overturn *Ormsby*.

Lemons's reliance on a dissenting opinion from the Fourth Circuit, *United States v. Etheridge*, 932 F.2d 318, 324 (4th Cir. 1991) (Mullen, J., dissenting), is misplaced, as this court has

explicitly rejected the precedent that Judge Mullen found persuasive in his dissent, *United States v. Brady*, 710 F. Supp. 290, 296 (D. Colo. 1989). *United States v. Waldroop*, 208 F.3d 216, 2000 WL 302779, at *3 n.4 (6th Cir. 2000) ("Statements from state officials, including a state judicial officer, cannot form the basis for asserting an entrapment by estoppel defense in a federal prosecution. Because the statements from the state court judge were not made by 'an authorized government official,' the district court did not err in failing to permit Waldroop to present this defense to the jury."). In short, Lemons provides no reason why, or how, this panel should reject precedent and adopt the defense of partial estoppel by entrapment.

### III

Lemons also contends that the mandatory fifteen-year sentence he received under the ACCA violates the Eight Amendment's prohibition against cruel and usual punishment. Lemons challenges his sentence given the circumstances of this particular case: "Under the categorical approach, it is always cruel and unusual punishment to sentence someone to 15 years without parole when they have not committed a crime in the past 15 years, they are completely rehabilitated, and they only bought the rifle because a known police officer offered to sell it and told them it was legal to buy it." This cruel-and-usual argument runs together with Lemons's partial estoppel by entrapment argument: "[t]here is a national consensus against this sentence in that it is illegal in 100% of the states and in many federal courts under the doctrine of entrapment by estoppel."

Lemons concedes that he did not preserve this claim in the district court, so it is reviewed for plain error. "Plain error is established where an error that is plain affects the defendant's substantial rights and, in this Court's discretionary view, the error seriously affects the fundamental fairness,

integrity, or public reputation of judicial proceedings." *United States v. Chambers*, 441 F.3d 438, 455 (6th Cir. 2006).

This court has consistently held that the 180-month minimum sentence under the ACCA does not violate the Eighth Amendment, and is neither disproportionate to the offense, nor cruel and unusual punishment. *See e.g., United States v. Johnson*, 22 F.3d 674, 683 (6th Cir. 1994) ("Under the totality of the circumstances [including four prior violent felonies], the fifteen-year sentence does not constitute cruel and unusual punishment. The defendant's sentence is not extreme, nor is it grossly disproportionate to the crimes that earned it for him."); *United States v. Warren*, 973 F.2d 1304, 1311 (6th Cir. 1992) (upholding 15-year sentence where the defendant had pawned a pistol and later redeemed it, allegedly for a friend); *United States v. Pedigo*, 879 F.2d 1315, 1320 (6th Cir. 1989) (sentences under the ACCA are not "cruel and unusual"). Based on these precedents, Lemons's argument fails.

The judgment and sentence of the district court are AFFIRMED.