**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0002n.06

No. 11-2562

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Jan 03, 2013*

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff-Appellee | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF MICHIGAN |
| ANTONIO JORDAN | ) | |
| | ) | |
| Defendant-Appellant | ) | |
| | ) | |

BEFORE: BATCHELDER, Chief Circuit Judge; DAUGHTREY and ROGERS, Circuit Judges.

ROGERS, Circuit Judge. Antonio Jordan pled guilty to being a felon in possession of a firearm. The district court found that the Armed Career Criminal Act required a minimum sentence of 180 months. The court sentenced Jordan to a within-guidelines sentence of 188 months. Jordan challenges his sentence on three grounds: (1) that the indictment was insufficient to inform him that he was being charged as an armed career criminal; (2) that two of his prior drug offenses were not "serious drug offenses," as defined in the Armed Career Criminal Act, and therefore the act should not have applied; and (3) that the application of the Armed Career Criminal Act to his case constitutes cruel and unusual punishment in violation of the Eighth Amendment. Jordan has failed to preserve the first argument and it would fail on the merits regardless. He fails on the second ground because at least three of his prior convictions carried a sufficiently long maximum sentence to qualify as "serious drug offenses." Finally, we have held numerous times that the application of

the Armed Career Criminal Act's minimum sentence does not constitute cruel and unusual punishment. Since none of his arguments has merit, Jordan's sentence is affirmed.

On May 5, 2009, police searched Antonio Jordan's vehicle while it was parked at a Pontiac, Michigan gas station, and found a Miroku .38 revolver. Jordan was in the vehicle at the time. Since Jordan had previously been convicted of a felony, he was indicted for being a felon in possession of a firearm under 18 U.S.C. § 922(g). The indictment also charged Jordan with violating 18 U.S.C. § 924(e), the Armed Career Criminal Act ("ACCA"), but did not mention the ACCA by name or note that it carried a mandatory 15-year sentence. Four days later, Jordan acknowledged that he had received, read and understood the indictment and knew that, if convicted, he would be sentenced to 15 years to life. Jordan then pled guilty to the charge, without a Rule 11 plea agreement, reserving his right to argue that certain predicate offenses that required application of the ACCA should not be counted. The pre-sentence report concluded that Jordan fell under the ACCA and gave a guideline range of 180 – 188 months. PSR at 15. Jordan objected, arguing that the use of any of his prior convictions to enhance his sentence violated the Sixth Amendment, and that two of his four prior drug convictions were ambiguous and therefore should not be counted as "serious drug offenses" for ACCA purposes.

Jordan did not appear for his sentencing, and a warrant was issued for his arrest. He was arrested again 13 months later. At sentencing, the district court found that Jordan's prior drug distribution violations supported the ACCA enhancement, but refused to add another enhancement for obstruction of justice. Considering the circumstances of the crime, Jordan's prior criminal

history, and his flight, the court sentenced Jordan to the top of the guideline range: 188 months.

Jordan now appeals, arguing that the indictment was insufficient, that the ACCA enhancement should not have applied, and that the application of the ACCA to him constitutes cruel and unusual punishment.

Jordan has not preserved his indictment argument. Any motion alleging a defect in the indictment must be made before trial. Fed. R. Crim. P. 12(b)(3)(B). The only exceptions are when the indictment "fails to invoke the court's jurisdiction or to state an offense." *Id.* In his brief, Jordan "recognizes the ACCA is not a separate criminal offense." Jordan Br. at 11. Accordingly, the exception does not apply. Jordan failed to challenge the indictment before trial and therefore cannot challenge it now.

Had Jordan preserved the argument, it would still fail. Where the indictment is challenged for the first time on appeal, this court must construe the indictment liberally in favor of its sufficiency. *United States v. Teh*, 535 F.3d 511, 516 (6th Cir. 2008). Moreover, the defendant must demonstrate plain error to succeed. *Id.* Jordan cannot do so.

Jordan argues that the indictment must have provided notice that he was being charged as an armed career criminal or that he was alleged to have three prior qualifying felonies. However, an indictment need not list earlier convictions if they are used only to authorize an enhanced sentence. *Almendarez-Torres v. United States*, 523 U.S. 224, 226 (1998). Furthermore, Jordan knew what penalties he was facing. Jordan signed an acknowledgment of indictment stating that he understood that he was facing a sentence of fifteen years to life if convicted. R. 8. Moreover, his attorney's

challenges focused on the predicate offenses and the ACCA was discussed at length in Jordan's plea hearing. Although Jordan notes that his counsel attempted to withdraw from the case due to breakdowns in communications, counsel noted at the plea hearing that communications had been restored. Jordan knew the sentence he was facing and knew what the government needed to demonstrate. He cannot show plain error.

Jordan's second argument fails because at least three of his prior convictions qualify as "serious drug offenses," thus qualifying him for the ACCA's sentence enhancement. Jordan's pre-sentence report shows four convictions for the delivery or manufacture of less than 50 grams of a controlled substance. PSR at 6–9. The ACCA sentencing enhancement applies to anyone with three previous convictions for serious drug offenses. 18 U.S.C. § 924(e)(1). The definition of "serious drug offense" includes violations of state law "involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." *Id.* at § 924(e)(2)(A)(ii). Jordan concedes that his 1991 and 1998 convictions qualify. For the ACCA enhancement to apply, either his 1993 or 1999 conviction must also qualify. Since they both do, the ACCA's sentence enhancement applies.

Jordan argues that his 1993 conviction does not qualify because the final judgment is ambiguous. The judgment lists only "second offense/double penalty" as the crime and cites only a Michigan statute providing enhanced sentences to individuals who commit second offenses. R. 29-1. However, the charging document shows that the underlying offense was a violation of Mich. Comp.

Laws § 333.7401(2)(a)(iv), which bans the manufacture, delivery, or possession with intent to manufacture or deliver of under 50 grams of a controlled substance. The maximum punishment for that offense is 20 years imprisonment. *Id.* This qualifies it as a 'serious drug offense' under the ACCA. Since this was the same offense he was convicted of in 1991 (PSR at 6), Jordan qualified for the double sentence. His plea questionnaire provides further evidence, as it lists two counts of "delivery of controlled substance" as the offense and forty years as the maximum sentence. R. 29-3. In cases where the statutory definition is ambiguous, "this court may also refer to 'the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information.'" *United States v. Taylor*, 301 F. App'x 508, 517 (6th Cir. 2008) (quoting *Shepard v. United States*, 544 U.S. 13, 26 (2005)). In *United States v. Taylor*, the only case Jordan cites on this point, this court found that Michigan's second offense statute created the kind of ambiguity that requires examining the charging document and plea agreement. *Id.* at 519. Doing so here, it becomes clear that in 1993, Jordan was convicted of a second offense of delivering drugs and faced a maximum penalty of 40 years imprisonment. When added to the two uncontested convictions, this qualifies as a third conviction for a serious drug offense, and the ACCA applied, requiring a 15-year minimum sentence.

Finally, contrary to Jordan's argument, the application of the ACCA in his case does not constitute cruel and unusual punishment in violation of the Eighth Amendment. "This court has consistently held that the 180-month minimum sentence under the ACCA does not violate the Eight

Amendment, and is neither disproportionate to the offense, nor cruel and unusual punishment."

*United States v. Lemons*, 480 F. App'x  400, 405 (6th Cir. 2012).  "'Congress has the power to

define criminal punishments without giving the courts any sentencing discretion,' and mandatory

prison sentences are not cruel and unusual." *United States v. Brown*, 443 F. App'x 956, 960 (6th Cir.

2011).  "In the teeth of these precedents [the defendant] has not identified, nor have we found, any

decision from any court invalidating the application of ACCA's mandatory minimum to an

individual on constitutional grounds." *Id.*  Jordan, with seven previous convictions (PSR at 6-9),

at least seven more arrests (PSR at 10), and a flight from sentencing on his record, does not have a

compelling case for this to be the first.

Because we conclude that Jordan's sentence was valid, we affirm the district court's

judgment.